THOMAS M. STATON v. THE NORFOLK AND CAROLINA RAIL-
ROAD COMPANY.

*Railroad, Construction of—Eminent Domain—Surface*
*Water—Damages.*

A railroad company has the right to cut and maintain, on its right-of-
way, such ditches as may be necessary to carry the surface water
collected thereon to any natural outlet capable of receiving it, but
it has not the right to divert such surface water into a channel
where it would not naturally flow, and which is not adequate to
receive it, if, thereby, the lands of others are injured.

CIVIL ACTION, tried at Fall Term, 1890, of HALIFAX Supe-
rior Court, *Whitaker, J.,* presiding.

The following is a copy of the material parts of the com-
plaint:

"2. That the plaintiff is the owner of a farm in said county,
containing about one hundred and sixty acres, and the
defendant, sometime during the year 1889, located and con-
structed its road near said farm.

3. That he planted a large portion of said farm in corn
and other crops the said year.

4. That the defendant, some time during said year, negli-
gently, wrongfully and unlawfully cut a ditch through which
great quantities of water from a large pocoson were diverted
from their natural course, and from the way in which it had
been accustomed to flow, and emptied upon his said farm.

5. That on account of the negligent, wrongful and unlaw-
ful cutting of said ditch, and the negligent and unlawful
diversion of the course of said water, the plaintiff's farm was
constantly kept overflowed during said year, and the crops
therein planted were entirely drowned and destroyed.

6. That on account of the negligent, unlawful and wrong-
ful cutting of said ditch, and the unlawful and negligent

109—22

diversion of the course of said water, the plaintiff's farm has been sobbed, soured and its fertility destroyed and rendered unfit for agricultural purposes.

7. That on account of said negligent, unlawful and wrongful acts of the defendant, the plaintiff has been damaged to the amount of one thousand dollars."

The defendant denied these allegations.   The parties agreed upon and the Court submitted the following issues to the jury, and they responded as follows:

1. Is the plaintiff the owner of the farm described in the complaint?   Yes.

2. Did the defendant locate its road near the farm?   Yes.

3. Was the ditch cut by defendant negligently, wrongfully and unlawfully cut?   Yes.

4. Did the cutting of said ditch cause the water from the pocoson to overflow the land of the plaintiff in 1889?   Yes.

5. Was the overflow, if any, caused by surface water? Yes.

6. Did the defendant negligently damage the plaintiff's land for agricultural purposes?   Yes.

7. What damage, if any, has the plaintiff sustained?   Two hundred and twenty dollars.

The plaintiff produced evidence on the trial tending to prove the allegations of the complaint.   It was admitted that the defendant owned the right-of-way for the proper purposes of its railroad.   It likewise produced evidence going to prove that its road-way was not situate upon any part of the plaintiff's land; that the ditch mentioned and complained of was cut along side of the railroad track; that it was necessary to the construction and uses of the road; that its purpose was to convey surface water from a pocoson and along the road to Indian Branch.   One witness testified for the defendant that, "in March, 1889, I had charge of railroad grading and ditching in this pocoson; ditch cut along railroad down to Indian Branch to relieve the road-bed of the surface water.

We began down at Indian Branch and worked up towards pocoson; cut the ditch from a branch up through a field to pocoson. We stopped from the 26th of March to the 1st of April, 1889. About one-half foot of water in pocoson. If ditch had not been cut we could not have made a solid road-bed; we could not have gotten dirt to make the road-bed; unless water in pocoson gets very high ditch through Mark Bell's field does not carry off any water; this ditch in poor condition, logs in it; the water drained off by railroad, surface water; ditch cut in pretty fair shape."

Another witness testified "Civil engineer eleven years; have examined the locality, measured ditch and taken measurements of that country. The ditch cut by railroad necessary to build road; ditch through pocoson 2 x 2; through field 5 x 6; difference in capacity between Indian branch and railroad ditch, 1 to 50; for rains ordinarily expected, ditch sufficient to carry off the water without overflow on plaintiff's land; ditch skilfully constructed."

Another testified: " I had contract for building this part of road; I cut the ditch under direction of civil engineer of defendant company; the work skilfully done. The railroad embankment acts as a dam against upper part of pocoson; work began on pocoson in March, 1889; in 1888 little or no water in pocoson; in 1889, except after rain, little or no water; 1889 very wet year; capacity of ditch sufficient to relieve road of surface water in 1889; ditch could not carry water enough to flood Indian Branch; ditch sufficient to carry the water which came down ditch along railroad, unless in case of extra heavy rain; ditch we dug would carry all water which came from the pocoson and Indian Branch; Mark Bell's ditch was filled up."

The defendant requested the Court to give the jury sundry special instructions which it gave, and to give the following which it refused to give, and thereupon the defendant excepted; "3. If the ditch was necessary in the construc-

tion of the road, the right-of-way being condemned and paid for, and the water additional surface water, then the defendant had a right to cut a ditch and drain the road as it did.

8. The defendant had a right to drain its road bed, and if the ditch was cut through to a natural drain, and it could not have been drained in any other direction without overflowing the lands of other persons, then they had a right to drain the surface water into a natural drain, and the plaintiff cannot recover."

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Mr. W. A. Dunn*, for plaintiff.
*Messrs. T. N. Hill* and *W. H. Day*, for defendant.

MERRIMON, C. J.—after stating the case: Unquestionably the defendant had the right to cut through and along its right-of-way and keep in repair such appropriate ditches and culverts as were necessary to carry off the surface water coming upon the right-of-way to a natural drain or outlet adequate to receive it.    There was evidence of the defendant tending to prove that the ditch complained of was wholly situate upon its right-of-way; that the ditch was necessary, skilfully constructed, and that it was adequate in its capacity to carry the surface water into a natural drain without flooding the latter, unless in case of an extraordinary rain-fall. In view of the contention of the parties, the evidence and conflict of the same, we think the Court should have given the jury the third instruction asked for by the defendant which was denied.    It may be that the jury believed that the defendant had no right to divert the surface water on its right-of-way to a natural outlet, even though this were done altogether upon its own land.    The instruction might have prevented such possible misapprehension.    And for the like reason, the Court should have given the eighth instruction

denied, except so much thereof as implied that the plaintiff could not recover.

The defendant had no right to collect surface water on its right-of-way and divert it, by cutting a ditch for the purpose, into a channel where it would not naturally flow, and which was not adequate to receive it, and thus flood and injure the land of another. A party must submit to the natural disadvantages and inconveniences incident to his land, unless he can in some lawful way avoid or remove and rid himself of them. But he has no right as a general rule to rid himself of them by shifting them by artificial means to the land of another, when naturally and in the order of things they would not go upon such land or affect it adversely. *Porter* v. *Durham,* 74 N. C., 767; Wash. on Eas., 353, *et seq.* Nor is a railroad company or other corporation ordinarily on any footing in such respect other than a natural person.

The judgment must be reversed and a new trial granted.

SHEPHERD, J. (dissenting): Conceding that the defendant has a right to cut the ditch and conduct the surface water into a natural stream passing through its right-of-way, the privilege must necessarily be attended with the qualification that the ditch should not be so constructed as to divert the surface water from the direction in which, by the general inclination of the land, it naturally flows and discharge it, to the injury of others, into a stream which is inadequate to receive it. I think that from the testimony of the plaintiff (who was examined in his own behalf), there was some evidence of this latter view, and, although it may have been slight, it warranted his Honor in refusing instructions which entirely ignored the very important qualification I have mentioned.

*Per Curiam.* . Error.