JAMES I. KEMP and wife v. JOSEPH R. KEMP and others.

*Jurisdiction—Judicial Sale—Married Woman.*

1. Where land has been ordered to be disposed of at a judicial sale it is *in custodia legis* until title has been made to the purchaser under the sanction and direction of the court.

2. A married woman will be considered as discovert *quoad* her separate estate, only to the extent of the powers expressly conferred upon her in the deed of settlement, and her powers will not be extended by implication.

3. Where the purchaser of the land of a *feme covert* sold under an order of court has satisfied the trustee of her separate estate by surrendering a claim held by him against the trustee individually, and the latter has agreed by parol with his *cestui que trust* to convey her a tract of land in discharge of the purchase money which should have come into his hands, and put her in possession of such land, the contract is not enforceable against the *feme covert*—especially when the separate estate is limited over to other persons after the *feme covert's* death.

4. In such case, if the purchaser acted in good faith as regards his actual intentions in paying the trustee by a cancellation of the latter's indebtedness, he will, upon paying to the married woman the amount of his bid, be subrogated to her title to the tract of land acquired from the trustee.

(*Lord* v. *Beard* and *Merony,* 79 N. C., 5 and 14; *Hardy* v. *Holly,* 84 N. C., 661; *Frazier* v. *Brownlow,* 3 Ired. Eq., 237; *Knox* v. *Jordan,* 5 Jones Eq., 175; *Bunting* v. *Ricks,* 2 Dev. & Bat., 130, cited, commented on and approved.)

MOTION in the cause heard at Fall Term, 1879, at BLADEN Superior Court, before *Seymour, J.*

This cause comes to this court upon the appeal of James I. Kemp and wife Elizabeth, from the ruling of the superior court of Bladen county upon their petition for relief, filed in a proceeding theretofore had in the old court of equity, under which the interest of the said Elizabeth in certain lands had been sold. The facts necessary to be known for a proper understanding of the case are as follows:

The feme plaintiff (whose maiden name was Fitz Randolph) by her guardian, George Cromartie, filed her petition in the court of equity at fall term, 1849, asking that her one-fifth interest in certain lands might be sold, and at the same term an order was made directing the clerk and master to sell the same upon a credit of one, two and three years, and to reserve the title until the purchase money was paid.

KEMP *v.* KEMP.

The master reported a sale to spring term, 1850, to Benj. Fitz Randolph, one of the defendants in the present motion, and that he had taken his bond for the purchase money, with the defendant Joseph R. Kemp as surety. There seems to have been no order confirming the sale made at that time, but at fall term, 1854, it was ordered that upon the payment of the purchase money, with compound interest, or the guardian's acceptance of the bond given for the purchase money in lieu thereof, the clerk and master should make title to the purchaser.

At this stage of the case, the said Elizabeth having become of full age, intermarried with the plaintiff James I. Kemp, and in pursuance of an ante-nuptial agreement to that effect, the two joined in a deed on the 10th day of November, 1856, whereby they conveyed, together with other property belonging to the wife, her interest in the bond given for the purchase money of the land, to the defendant Joseph R. Kemp (he being the father of the husband) in trust for the sole and separate use of the said Elizabeth, free from all incumbrances of her said husband, and in case of her death, leaving him surviving, then in trust for him during his life, and after the death of both, then in trust for the children of the said Elizabeth; or in the event of her dying without children, in trust for her rightful heirs; which trusts were accepted by the said Joseph R.

At spring term, 1857, of the said court of equity, it was ordered that upon the payment of the purchase money into court, or upon the exhibition of a duly authenticated receipt of the said Elizabeth, with her private examination taken according to law, the clerk and master should convey the land to the purchaser, the same order providing for the costs, and the cause was dropped from the docket.

At spring term, 1858, it was ordered that the cause be reinstated, and the husband be made a party, and that the

clerk and master collect the purchase money and make title to the purchaser.

At spring term, 1859, the court directed that the clerk and master should proceed forthwith to collect the whole amount of the purchase money without any deduction or allowance, on account of any payment made to, or receipt given by, the trustee of the said Elizabeth under the marriage settlement, or any other person, and hold the same subject to the order of the court.

No further order was made in the cause until fall term, 1863, when the court decreed that the purchaser, Benj. F. Randolph, should pay the amount due the plaintiff Elizabeth, to Joseph R. Kemp, her trustee in the [marriage settlement, to-wit, the sum of twelve hundred dollars, with interest thereon from spring term, 1858, out of which sum the costs of the proceeding should be paid; and that the clerk and master so soon as, by the receipt of the said Joseph R. as trustee, he shall be advised and assured that the money has been so paid to him, shall proceed to convey the land to the purchaser.

About the year 1860, as the judge's case states, the trustee, Joseph R. Kemp, agreed with the plaintiff James I. and his wife to give her a tract of land, upon a bargain then made between them, that the land should be taken in full payment of all her claims upon him as her trustee, of which land the plaintiffs took immediate possession, and have continued in the same up to the present time. At the time of such agreement (which was altogether by parol) the said Joseph R. was solvent, and so continued to be up to the close of the war. No deed was ever executed to the said Elizabeth for the land, but the said Joseph R. now proffers to make her one. Some judgments have since been recovered against him, and are yet unsatisfied and docketed. Subsequently to the agreement between the plaintiffs and the trustee about her taking the tract of land from him, but

at what exact time does not appear, the purchaser Benj. F. Randolph settled with the trustee, without paying him any money towards the purchase of the land, but by surrendering to him a bond of date the ...... day of April, 1859, which he the said Randolph held against the trustee individually—this settlement being also made before the insolvency of the trustee. No deed was ever made to the purchaser by the clerk and master or other officer of the court, but in 1878 the said Joseph R., as the trustee of the plaintiff, executed a deed for the interest of the plaintiff Elizabeth to the said Randolph—this was after the plaintiffs had given notice of their motion in the cause.

A receipt from Joseph R. Kemp as trustee, purporting to have been given to the clerk and master, on the 4th day of February, 1859, for the purchase money of the land, was put in evidence, but his Honor finds that it was not given at the time it bears date, and there is nothing in the statement to fix its true date.

Upon the foregoing facts, his Honor ruled, as conclusions of law, that upon the coming of age of the plaintiff Elizabeth the purchase money of her land became personalty and was so treated by the parties at the time of the marriage settlement and ever since ; that the agreement made between the plaintiffs and Joseph R. Kemp in 1860, whereby the latter agreed to convey a tract of land to the feme plaintiff in satisfaction of all her demands upon him, as her trustee, was made in good faith on his part, and was a valid agreement binding upon the said plaintiffs ; that the payment of the bond by Benj. F. Randolph to said trustee, made as it was by surrendering a bond which the former held on the latter, and without passing any money, was sufficient to discharge the same ; and that as the defendant Joseph R. proffered to make title to the substituted land, thus waving the statute of frauds, and as no one but himself could claim the advantage of the statute in the matter, the plaintiffs were bound

to accept the deed, and that their title would be protected by a decree of the court rendered in this proceeding, from the liens of any judgments outstanding against the said Joseph R.

Thereupon his Honor overruled the plaintiffs' motion, which was that the wife might be decreed to have the purchase money of the land as never having been paid to her, and that the same might be declared a lien on the land in the hands of the purchaser Benj. Fitz Randolph. From which judgment the plaintiffs appealed.

*Mr. C. C. Lyon,* for plaintiffs.

*Messrs. Stedman & Latimer* and *D. K. McRae,* for defendants.

RUFFIN, J., after stating the case. We think the cases of *Lord* v. *Beard,* 79 N. C., 5, and *Lord* v. *Merony Ib.,* 14, settle definitely, the question of jurisdiction in this case. There is no pretence that any deed has been executed to the purchaser of the land, sold under the order of the court, by any authorized servant of the court and under its permission, and until that be done, the land continues to be *in custodia legis,* and any relief that may be needed in reference to it, or the purchase money, must be sought in the original proceeding. Conceding it to be true as declared by his Honor that upon the coming of age of the plaintiff Elizabeth, and by reason of the manner of treating her interest in the bond, given for the purchase money of her land, at the time of the execution of the marriage settlement, it ceased to be realty, and became personal property, it is still true, that it was her *separate estate, settled* upon her by expressed deed, and capable of being disposed of only under some power bestowed upon her in that deed.

In the case of *Hardy* v. *Holly,* 84 N. C., 661, the court held it to be the law of this state, that a married woman is to be

deemed a feme sole, as to her separate estate only to the extent of the power conferred upon her in the deed of settlement, and that if no power of disposition be given in that instrument, she is altogether without such power.   It is not necessary that we should go so far in this case, for, granting, upon the strength of the authority of *Frazier* v. *Brownlow*, 2 Ired. Eq., 237, as explained, in *Knox* v. *Jordan*, 5 Jones Eq., 175, that the agreement made between Mrs. Kemp and husband on the one part, and her trustee on the other, and under which she was to take from the latter a tract of land in discharge of her demands upon him, could have had the effect to create a charge upon the *income* to be derived from her separate estate, still, we suppose, that such a result would hardly under the circumstances have given effect to the intention of the parties.

By the terms of the deed, making the settlement, her interest in the property is expressly limited to a life estate, and beyond that (even if to that extent she may do so) she has no power to charge the property itself, or to anticipate its profits.   So much is due to the will of the parties as expressed in the deed, and to the rights of the ultimate remaindermen, whether they be her children or those who may, at the time of her death, stand in the relation of heirs, at law to her.

We take it that it was this regard to the rights of such remaindermen which dictated the order of fall term, 1859, directing the master to collect *forthwith the whole amount* of the purchase money and inhibiting any deduction therefrom, on account of payments made to, and receipts given. by the trustee, and also the succeeding order of fall term, 1863, which was so careful to express the exact amount of $1200, with interest, to be paid by the purchaser, to entitle him to have a conveyance of the land.   But whether or not this be so, and supposing that the rights of the parties ultimately to be interested, may have been then overlooked,

32

they are now brought to the attention of the court and must be protected.

This does no injustice to any one, for the defendant Fitz Randolph had notice of the settlement, since it is expressly referred to in the said order of fall term, 1863, whereby he was himself directed to pay the amount of the purchase money to his co-defendant Joseph R. Kemp, as her trustee under her marriage settlement, and this surely was enough to put him upon inquiry as to the terms of the settlement.

To take in payment of a debt due him as trustee, the surrender of a debt due from himself individually, was a breach of trust on the part of the defendant Joseph R., and the defendant Fitz Randolph knowing the relation he bore the parties, and the origin of the note, must be deemed to have co-operated in that breach, and in such case, much less than actual and particular knowledge in detail will be sufficient to convert him into a trustee for the party attempted to be defrauded. *Bunting* v. *Ricks*, 2 Dev. & Bat. Eq., 130. It may be however that he acted without any actual dishonest intent, but that relying upon the relationship and good feeling then subsisting between the parties, and the ability of the trustee to make good the amount to his *cestui que trust*, he acted without giving that scrutiny to the transaction which otherwise he might have done, and perhaps should have done.

Taking this view of the case, we do not feel at liberty to withhold from the defendant Fitz Randolph all aid in the premises, as we should do, if satisfied that he had purposely co-operated with a dishonest trustee in a breach of his trust. But we rather hold that he is entitled to be subrogated to the claim of the plaintiff Elizabeth, upon the tract of land agreed, in 1860, to be conveyed to her by her said trustee, and of which she has been possessed since that time.

The result of our deliberations as to the rights of the parties in this cause is, that the plaintiff Elizabeth is enti-

tled to have the purchase money due her, for the land sold under the decree of the court, declared to be a lien upon that land, in the possession of the defendant Fitz Randolph, or any one claiming under him. That the rents of the land occupied by her husband and herself since 1890, under the parol agreement of purchase from her trustee, be treated as a charge upon the income, arising from her separate estate, which is or ought to be in the hands of her said trustee, but not to exceed said income, so as to be a charge upon the principal of such separate estate; and that the land, so agreed to be conveyed to her be sold by virtue of such agreement, and its proceeds applied in exoneration of the land purchased at the clerk and master's sale by the defendant Fitz Randolph.

As to the amount of annual income that ought to be due the plaintiff, and the rental value of the land occupied by her since 1860, the necessary inquiries will be made, and the cause will be remanded to the end that the proper accounts may be taken and other proceedings had in accordance with this opinion.

In taking the account, the amount of principal and interest due on the bond for the purchase money at the date of the marriage settlement, shall be treated as the true interest bearing principal.

It may be that the superior court will deem it most prudent to select a new trustee for the plaintiff Elizabeth.

PER CURIAM.                    Judgment accordingly.