WILLIAM MONROE, Trustee, et al. v. S. D. TRENHOLM.

*Trusts—Deed by Husband for Benefit of Wife—Right of Cestui que Trust to Convey—Action by Grantee of Cestui que Trust for Possession of Trust Property.*

1. Where property has been placed in the hands of a trustee for the sole and separate use of a married woman, she has no power of disposition over it except such as is clearly given in the instrument creating the trust and in the manner therein prescribed.

2. If a trustee wrongfully withholds from the *cestui que trust* the benefits of the trust estate, relief will be granted at the request of such *cestui que trust*, but not at the instance of a stranger who volunteers to ask redress, or if the trustee becomes incompetent for any reason to execute the trust it is the right of the beneficiary, but not of a stranger, to have such trustee removed and another substituted.

3. Where a husband, in order to secure to his wife and children a portion of his real property, conveyed land to his son, S. D. T., and his heirs in trust for the sole use and benefit of E. B. T., (the grantor's wife), and authorized and empowered the trustee at any time to dispose of any or all of the property "when so required by the said E. B. T., and to invest the proceeds as she may direct": *Held,* that a conveyance of such land by the wife, E. B. T., to a third person in trust for her, the said E. B. T.'s daughter, vested no title or interest in the grantee and did not entitle him and the daughter to recover possession of the land from S. D. T., the trustee named in the husband's deed, since the latter gave the wife no power to convey the land.

CIVIL ACTION, tried at Fall Term, 1892, of HENDERSON Superior Court, before *Armfield, J.*

It was agreed that the case should be submitted to the Court upon the admissions in the pleadings and the exhibits.

On the 1st of October, 1867, E. L. Trenholm executed the following deed of settlement:

"STATE OF NORTH CAROLINA—*Henderson County.*

"Whereas, it is my desire to secure to Eliza Bonsal, my wife, and to her children, a portion of my real property: Now, therefore, in consideration of the sum of one dollar to me in hand paid, and for the purposes above mentioned, I have this day bargained and sold, and by these presents do bargain and sell, unto my son, Savage Deas Trenholm, to him and to his heirs forever, all my right and title and interest in a certain tract of land lying and being in the State and county aforesaid, known as the Mountain Lodge place. * * *

"To have and to hold, all and singular, the said three hundred and fifty-nine acres of land, more or less, and all and singular the premises and appurtenances to the said Savage Deas Trenholm, his heirs and assigns forever, in trust, nevertheless, for the following uses and purposes, and no other: In trust for the sole use and benefit of the said Eliza Bonsal Trenholm and her heirs forever, and I do hereby authorize and empower the said Savage Deas Trenholm, the trustee aforesaid, at any time to dispose of all and singular the lands aforementioned, when so required by the said Eliza Bonsal Trenholm, and to invest the proceeds as she may direct.

"In witness whereof I have hereunto set my hand and seal, this the 1st day of October, in the year of our Lord eighteen hundred and sixty-seven.

"E. L. TRENHOLM, (L. S.)."

On the 14th of November, 1889, the said Eliza B. Trenholm, mentioned as beneficiary under the first deed, being then and now a widow, executed the following deed:

"STATE OF SOUTH CAROLINA.

"Know All Men by These Presents, That I, Eliza B. Trenholm, in Charleston, in the State aforesaid, for and in con-

sideration of love and affection I bear to my daughter, Hellen E. Grimball, and her daughters, and of one dollar to me paid by William Monroe, of Union, in the State aforesaid, have granted, bargained, and sold and released, and by these presents do grant, bargain, and sell and release, unto the said William Monroe all that certain tract of land containing three hundred and eighty acres, more or less, situated and lying at Flat Rock, in the county of Henderson, in the State of North Carolina, and bounded by lands of Rudolph Seigling, McCullough, Joseph Walker, James Rutledge, and others, excepting ten acres of the hill side adjoining James Rutledge, and also about twenty-two acres of the northerly end of said tract lying outside of the fencing, which said ten acres and twenty-two acres are specifically reserved and not hereby conveyed, said lands being all my real estate in said county of Henderson; and I do also give, grant, bargain, and sell and deliver unto the said William Monroe all the household and kitchen furniture, and all the personal property in and upon said premises, together with all and singular the rights, members, hereditaments, and appurtenances to said premises and property belonging, or in anywise incident or appertaining.

"To have and to hold all and singular the premises before mentioned, except said ten acres and said twenty-two acres, more or less, with and to the use of said William Monroe, his heirs and assigns forever, and said personal property unto and to the use of said William Monroe, his executors and administrators or assigns forever, in trust, nevertheless, to hold the same for the use and benefit of said Hellen E. Grimball and her daughters, born and to be born, for and during the life of said Hellen E. Grimball, and until the youngest of said daughters shall attain the age of twenty-one years, and at and after the happening of both events,

that is to say, upon the death of said Hellen E. Grimball and the arrival at full age of her youngest daughter, then being, upon the future trust to convey said land to said daughter or daughters of Hellen E. Grimball as shall then be living, in fee-simple, and if there be no such daughters then living, then to such person or persons as the said Hellen E. Grimball by her last will and testament, duly executed, shall appoint, and in default of such appointment to the heirs at law of said Hellen E. Grimball. And I do hereby bind myself and my heirs and my executors and administrators to warrant and forever defend all and singular the said premises and property unto the said William Monroe, his heirs and assigns, in trust as aforesaid, against me and my heirs lawfully claiming, or to claim, the same, or any part thereof, and I hereby give and grant unto said William Monroe full power and authority to convey said premises unto another or substituted trustee, in his stead, upon the same trust and with the same limitations as contained herein above, and with like power of substitution, provided the consent of said Hellen E. Grimball be obtained and indorsed in writing upon such deed or deeds.

"Witness my hand and seal, this 14th day of November, A. D. 1889. ELIZA B. TRENHOLM."

After alleging the execution of both of the foregoing deeds by the grantors at the dates respectively set forth in the instruments, the plaintiff Monroe further alleges that after the execution of the deed to him by Mrs. E. B. Trenholm he repeatedly demanded of the defendant, Savage D. Trenholm, that he execute to him, Monroe, a deed for the land conveyed to defendant by E. L. Trenholm, but defendant has refused to do so, and holds adversely to himself

and his co-plaintiff, Helen E. Grimball. The further allegations and prayer for relief are as follows:

4. That said defendant is in possession of said land, wrongfully receiving the rents thereof, and refuses to deliver possession to the plaintiff or his *cestui que trust.*

5. That it is not necessary for the defendant to hold possession of the land in order to effectuate the intention of E. L. Trenholm, and in equity and good conscience he should convey the legal interest vested in him to the plaintiff, subject to the uses and trusts mentioned in "Exhibit B." Wherefore plaintiffs pray judgment that defendant be directed to execute to plaintiff a deed in fee-simple conveying to him the legal title vested in said defendant by the deed of October 1, 1867, and deliver possession of said land to the plaintiff, and for costs, etc.

In his answer the defendant, S. D. Trenholm, avers that Eliza B. Trenholm is an old and infirm lady and has been unduly influenced to convey or attempt to convey the land to plaintiff Monroe, the attorney of her son-in-law, H. M. Grimball, for the benefit of her daughter, Helen Grimball, who is the wife of the said H. M. Grimball. He denies that he, S. D. Trenholm, is required to convey said land for any other purpose than a re-investment of the proceeds of a sale for a valuable consideration, and insists that the conveyance of E. B. Trenholm passed nothing. He admits the execution of the two papers filed as exhibits, but denies all other allegations.

The plaintiff, replying to the defendant's answer, denied the allegations contained in paragraphs one and two of the defendant's further defence, and further said—

That the defendant has been for years prior to the commencement of this action, by reason of his dissipated habits, incapable of managing and preserving the property described in the complaint. That the purpose of this

action is to compel the defendant to execute to the plaintiff as directed by the deed in trust to him, and to obtain possession of the property so as to preserve the same from waste, and thereby insure to Mrs. E. B. Trenholm a comfortable home during her life; that it is not the wish or desire of the plaintiff, nor of his *cestui que trust*, Mrs. Grimball, to dispossess Mrs. E. B. Trenholm, her mother, or to deprive her of the comforts of her home, or in any way to interfere with her home, but simply to carry into effect the deed of trust to the plaintiff as aforesaid.

The Court rendered the following judgment:

"This cause, coming on to be tried before me upon the complaint, answer and reply, and the admissions contained in the same, and it appearing to the Court that the plaintiff is entitled to the relief demanded in his complaint: It is ordered and adjudged by the Court that the defendant execute and deliver to the plaintiff a deed in fee for the land described in the complaint, except the ten and twenty acres mentioned therein, to the plaintiff William Monroe, trustee, as prayed for in said complaint, and that the plaintiff recover possession of said land and the costs of this action. And it is further ordered that the effect of this decree shall be to transfer to William Monroe, trustee, the legal title of the said property to be held in the same plight, condition and estate as though the conveyance ordered was in fact existing, and that the Clerk of this Court, upon the application of the plaintiff, issue to the Sheriff of said county a writ of possession commanding him to put the plaintiff in possession of the said land."

From this judgment the defendant appealed.

*Messrs. W. A. Smith* and *C. M. Busbee,* for defendant.
No counsel *contra.*

AVERY, J. (after stating the facts): The deed executed in 1867 was a post-nuptial settlement by which E. L. Trenholm conveyed to his son, S. D. Trenholm, the land in controversy in trust for the sole use and benefit of his wife, Eliza B. Trenholm, and her heirs forever, and authorized and empowered said trustee at any time to dispose of the lands * * * when so required by the said Eliza, and to invest the proceeds as she might direct. It will be observed, also, that the recital with which the deed begins declares that "whereas it is my desire to secure to Eliza Bonsal, my wife, and to her children, a portion of my real property," etc. Whether a conveyance of land or personalty be made before or after marriage, if its purpose is to place the property in the hands of a trustee for the sole and separate use of a married woman, the rule which must govern in passing upon any attempted alienation by her is that she has no power of disposition except such as is clearly given in the instrument. *Kemp* v. *Kemp*, 85 N. C., 491; *Hardy* v. *Holly*, 84 N. C., 661; *Mayo* v. *Farrar*, decided at this Term; *Knox* v. *Jordan*, 5 Jones' Eq., 175. The power to convey was conferred upon S. D. Trenholm, and was to be exercised by him "when so required" by his mother, the *cestui que trust*. The trustee has never conveyed and she has never, so far as we are informed, requested him to do so. As no authority to dispose of the property is conferred upon her by the deed of settlement, her attempted conveyance to the plaintiff Monroe was clearly ineffectual to transfer any estate, either legal or equitable, to either of the plaintiffs. *Kemp* v. *Kemp*, *Hardy* v. *Holly*, *Mayo* v. *Farrar*, *supra*.

The cause is entitled "William Monroe, trustee, H. E. Grimball and others against S. D. Trenholm," both in the caption of the summons and complaint, and we have made a fruitless examination of the pleadings to ascertain who were or were intended to be the other parties plaintiff. The

inference is fairly deducible from the fact that Mrs. E. B. Trenholm is designated in the complaint not as a plaintiff, but as "his (defendant's) *cestui que trust* mentioned in 'Exhibit B'"; that she, at least, has never been made a party at all. As neither of the plaintiffs acquired any interest in the land by the attempted conveyance of Mrs. E. B. Trenholm, in disregard of the mode of alienation pointed out in the instrument under which she held, it is manifest that they are not entitled to recover possession in this action. It is equally clear that the plaintiff Monroe has acquired no right under this pretended or intended conveyance to call upon the defendant to divest himself of the legal title and the trusts coupled with it by his father in the settlement. If S. D. Trenholm wrongfully withholds the possession or profits of the land from the *cestui que trust,* Mrs. E. B. Trenholm, the Courts may discuss or point out her remedy when she alleges and proves that he has so wronged her, but not at the request of a stranger to the instrument, who volunteers to ask redress for her. If by reason of his habits, or for other sufficient cause, the defendant has become incompetent or unfit to execute the trust with which he was clothed by the deed, it is the right of Mrs. E. B. Trenholm, not of one who has no interest in the property, to ask in the way appointed by law for his removal and the substitution of a more suitable person in his place. As she is not before the Court complaining of a refusal on the part of the defendant to execute a voluntary conveyance to William Monroe in trust for H. E. Grimball at her request, we are not required, if we are at liberty, to determine whether the deed of settlement restricted her authority to the right to require a sale for re-investment, or conferred upon her the power to direct and compel the execution by the trustee of a voluntary conveyance to such one of her children as she should select as the object of her bounty.

Upon the admissions in the pleadings the action should have been dismissed and judgment rendered in favor of the defendant for the costs.

There is error. Let this opinion be certified to the end that judgment may be entered accordingly.

Error.