J. M. MAYO AND WIFE AND TRUSTEE v. FARRAR & JONES.

*Married Woman—Trustee—Validity of Mortgage.*

1. Where land had been conveyed to a trustee in trust for the sole and separate use of F. M. (a *feme covert*), and her heirs, subject to her exclusive control, with full power in her to convey said property by deed or will, by will as if she were a *feme sole*, by deed in which her husband and trustee must unite, their receipt to be a full discharge to said trustee for all rents and profits, she to occupy and use said property as the full beneficial owner thereof, a mortgage given by the husband and wife upon said land without the joinder of the trustee was inoperative and void.

2. When a *feme covert*, owning land under the limitation of a deed of settlement, acts under such settlement, she is not only subject to its express restrictions as to the manner of exercising such power as is granted to her, but she is dependent upon a strict construction of its terms for authority to make any disposition whatever of the property embraced in it.

3. A party cannot in this Court assign as error the refusal of a judgment for which he did not ask below; and where, in an action to enjoin the sale of land which husband and wife had attempted to convey by way of mortgage to secure their notes, the defendant mortgagees, after resisting the injunction, demanded that the lands

should be sold, or that possession should be given with perception of profits, for the payment of the notes, but did not ask for judgment against the husband either before or after adjudication of the invalidity of the mortgage, this Court will not modify the judgment so as to permit a recovery against him.

CIVIL ACTION, tried at Fall Term, 1892, of EDGECOMBE Superior Court, before *Shuford, J.*

The action was brought by husband and wife and trustee under a deed of settlement to enjoin a sale under mortgage of *feme* plaintiff's land embraced in the settlement, because the trustee did not join in the deed. The land subsequently conveyed by the husband and wife to the defendants had belonged to the husband, but had been conveyed (by way of compensation for lands of the wife sold for the husband's benefit) to W. T. Mayo, in trust, however, for the sole and separate use of the said Florence L. Mayo and her heirs, subject to her exclusive control, with full power in her to convey said property by deed or will, by will as if she were a *feme sole, by deed in which her husband and trustee* must unite, their receipt to be a full discharge to said trustee for all rents and profits, she to occupy and use said property as the full beneficial owner thereof.

The complaint recited the deed to W. T. Mayo in trust for Florence L., the *feme covert*, and the mortgage by which the husband and wife attempted to convey the lands to secure the individual debt of her husband, which mortgage the plaintiffs claimed to be invalid for lack of the joinder of the trustee.

The defendants in their answer denied that the indebtedness intended to be secured by the mortgage was all the indebtedness of the husband, but that $1,255 thereof was for advances made by defendants to J. M. Mayo and wife, and $2,000 thereof was advanced at the time of taking the mortgage to enable Mayo and wife to carry on their agri-

cultural operations, and that the said sum of $2,000 was used for said purpose and to remove to Florida, where they soon became and are now residents.

Defendants admitted that W. T. Mayo, trustee, did not join in the mortgage, but insisted that it was not void on that account, but that the *feme* plaintiff, being the beneficial owner and entitled to the use, occupation and profits of the land, which were not restricted by the terms of the trust, could and did convey the same by mortgage.

Upon the trial the plaintiffs moved for judgment on the pleadings, the allegations of the answer being taken *pro confesso*, on the ground that the mortgage was invalid. Defendants resisted the motion and asked for judgment, and that the lands be charged with the payment thereof, and that, if this relief should not be granted, then the use, occupation, rents and profits, which were not restricted by the terms of the trust, should be charged with the payment thereof, and a receiver be appointed to collect and apply the rents, etc., to the satisfaction of the debt.

The Court adjudged the deed of mortgage to be invalid, inoperative and void, by reason of the failure of the trustee to join therein, and that it was ineffectual to charge the separate personal property of the *feme* plaintiff, or the rents and profits of the land, with the payment of the debt. From this judgment the defendants appealed.

*Mr. Don Gilliam*, for plaintiffs.

*Messrs. Fred. Phillips* and *John L. Bridgers*, for defendants (appellees).

AVERY, J.: The Court said (RUFFIN, J., delivering the opinion) in *Hardy* v. *Holly*, 84 N. C., 661: "We must take it to be the settled law of this State, at least, that a married woman, as to her separate property, is to be deemed a *feme*

*sole* only to the extent of the *power* expressly given in the deed of settlement. Her power of disposition is not absolute but limited to the mode and manner pointed to in the instrument; and when that is silent she is powerless." True, the *feme* plaintiff reserved "full power to convey by deed or will—by will, as if she were a *feme sole*, by deed, in which her husband and trustee must unite." The mode of conveyance pointed out in explicit terms is by deed, in which husband, wife and trustee "must" all join and, as it is obvious that the restrictions upon her power have been disregarded by the attempt to convey without the joinder of the trustee, we must either hold the mortgage inoperative, as a conveyance of her separate land, or overrule Hardy's case, *supra*. In that case the *feme sole* reserved the power to remove the trustee and appoint another, and to direct the trustee, in writing, as to all sales of her property or re-investments of the fund arising from such sales, yet a mortgage deed made by her and her husband, the trustee failing to unite with them, was declared void and a sale under it enjoined, as in this case in the Court below, and the decree was upon appeal affirmed in this Court.

Where a *feme covert* derives title in any manner other than under the limitation of a deed of settlement, she can alien her estate in land only by joinder of her husband in the conveyance, with privy examination in conformity to the statute. *Clayton* v. *Rose*, 87 N. C., 106; *Thurber* v. *LaRoque*, 105 N. C., 301; *Farthing* v. *Shields*, 106 N. C., 289. When she acts under such settlement, she is not only subject to its express restrictions as to the manner of exercising such power as is granted to her, but she is dependent upon a strict construction of its terms for authority to make any disposition whatever of the property embraced in it. *Kemp* v. *Kemp*, 85 N. C., 491; *Hardy* v. *Holly*, *supra*. This Court is classified by a prominent text-writer as one of those that

" regard the wife's power over her separate estate as resulting not from the existence of the equitable separate estate itself, but from the permissive provisions of the instrument creating such estate." 3 Pom. Eq. Jur., sec. 1105 ; *Ibid.*, p. 30, note 1.

As we understand the statement of the case, though the averments of the answer were admitted to be true, the defendants did not move the Court at the hearing for judgment against J. M. Mayo, the husband, on the notes admitted to have been executed by him, but, after resisting the prayer of plaintiffs for injunction, demanded a judgment against husband and wife charging the lands described in the mortgage with the payment, or for the possession of said land with perception of profits in satisfaction of the debt. They could not after judgment assign as error the refusal of a judgment for which they did not ask. When they failed to move the Court for judgment against J. M. Mayo, the Judge was warranted in assuming that defendants did not, for reasons satisfactory to themselves, desire any relief in addition to that specifically mentioned. It would be unjust to the Court below, and impose costs wrongfully upon plaintiffs, should we direct the judgment to be so modified as to permit a recovery against the husband, when his Honor would doubtless have so ordered upon a bare suggestion at the hearing before him. The judgment is

Affirmed.