THOMAS A. BROUGHTON et al. v. S. B. LANE et al.

*Feme Covert—Trust Deed—Power of Cestui que Trust to Convey Limited to Mode Prescribed in Deed.*

1. The power of a married woman to dispose of land held by her under a deed of settlement is not absolute, but limited to the mode pointed out in the instrument; therefore,
2. Where land was conveyed to a trustee for the benefit of a *feme covert*, the trustee to convey the same, "if requested by her in writing," and reinvest the proceeds on the same trusts, a conveyance by her and her husband, in which the trustee did not join, did not pass the interest held in trust for the *feme covert*.

This was an action for possession of land, tried at the Spring Term, 1893, of the Superior Court of PAMLICO County before *Bynum, J.* The case agreed was substantially as follows:

In consideration of the money received from the sale of land to Sarah Williams, mentioned in the deed, James Norcom, on 1st day of November, 1856, conveyed to J. S. Jones, trustee, the lands described in the complaint, and the recitals of which are to be taken as further facts agreed. Afterwards, to-wit, on the 25th day of October, 1859, the said Levi D. Broughton and wife Eliza Broughton executed a deed for a valuable consideration for said land to one Luther Babbitt. Jones, trustee, did not execute or join in the execution of any deed for said land to any person. By subsequent and *mesne* conveyances the land came into the possession of the defendants. The plaintiffs are the children and grandchildren of Levi D. Broughton and his wife Eliza. Eliza died in 1861, and Levi on June 18, 1888, and this action was instituted on the 27th February, 1891.

Eliza Broughton purchased from John Godett a tract of land on Trent and Thomas creek, by deed dated October 27, 1857, and went into possession thereof, and plaintiffs are

now in possession of the same as heirs at law of Eliza Broughton aforesaid.

The material portions of the deed of Norcom to J. S. Jones, trustee for Eliza Broughton, are as follows:

"The conditions of the foregoing deed are such that, whereas, Mrs. Eliza Broughton, wife of Levi D. Broughton, has conveyed a tract of land to which she was entitled as *feme sole* in fee simple to Sarah Williams, upon condition that the purchase-money received for her land should be invested in other lands, to be held to the same trusts and purposes as the lands heretofore held by her as aforesaid; and whereas, the said Levi D. Broughton, husband of said Eliza, has consented thereto, and has requested James Norcom, the grantor of the above described tract of land, so to convey, and for the purposes of carrying the said agreement into execution, the said tract has been granted to the said Joseph S. Jones as trustee for the purposes aforesaid :

"Now, it is covenanted and agreed by and between the parties to this indenture, that the said Joseph S. Jones should hold the same to the separate use of the said Eliza, wife of said Levi D. Broughton, as if she were a *feme sole,* and will permit her to have the use of the same and the profits deriving therefrom to her sole and separate use during her coverture with the said Levi D. Broughton, and will, if requested by her in writing during the coverture, convey the same and invest the purchase-money in such other property as she may designate, to be held to the same purposes and trusts as set forth in this indenture; and if the coverture should be dissolved by the death of said Levi, that then the said Joseph S. Jones, trustee herein, will convey said tract of land to the said Eliza Broughton, now the wife of said Levi, in fee simple, and if the coverture should be determined by the death of the said Eliza, wife of said Levi D. Broughton, that then the said Joseph S. Jones, trustee as aforesaid, will convey the same to the said Levi Broughton, her now husband

band, for life, with remainder to the children of the marriage, if there be any children, in fee simple, and if there be no children living at the time of the death of said Eliza Broughton, wife of said Levi, then the said trustee shall convey to said Levi D. Broughton in fee simple."

The trustee, J. S. Jones, did not join in the deed from the Broughtons to Babbitt.

The defendants contended that inasmuch as Eliza held the lands which she sold to Sarah *as a feme sole*, the lands purchased with the proceeds of that sale should also have passed to her *as a feme sole;* that from the whole context of the deed, it appeared that Eliza was to have *the sole use of the land*, and to *hold it as a feme sole*, and that being the intent of the parties, it is the duty of a Court of Equity to put the intention of the parties into effect.

His Honor gave judgment for the plaintiffs, and the defendants appealed.

*Messrs. O. H. Guion* and *W. W. Clark*, for plaintiffs.

*Messrs. W. T. Caho* and *W. D. McIver*, for defendants (appellants).

AVERY, J.: The question presented by this appeal is whether the land conveyed to Jones, as trustee, for the sole and separate use of Eliza Broughton, passed by the deed executed by her husband and herself, in which the trustee Jones did not join.    That the power of a married woman to dispose of land held by her under a deed of settlement is "not absolute, but limited to the mode and manner pointed out in the instrument," seems to be the settled law of this State, whatever may be the rulings of other Courts. *Hardy* v. *Holly*, 84 N. C., 661; *Kemp* v. *Kemp*, 85 N. C., 491; *Mayo* v. *Farrar*, 112 N. C., 66; *Monroe* v. *Trenholm*, *Ibid.*, 634.

In *Hardy* v. *Holly* the *feme covert* was clothed with express authority to compel the trustee to sell and reinvest, and to

remove the trustee when she deemed fit, and the fund was to be held subject to her control or as if she were a *feme sole*. But her power as to the disposition of the property in which the trust fund should be invested, was, in writing, to direct the trustee to sell, etc.

In the case at bar it was argued that the trustee should hold the land to the separate use of Eliza Broughton during coverture, and should, "if requested by her in writing during the coverture, convey the same," etc. The *feme covert* Eliza Broughton was "not only subject to the express restrictions" of the settlement "as to the manner of exercising such power as was granted to her, but she was dependent upon a strict construction of its terms for authority to make any disposition whatever of the property embraced in it." *Mayo* v. *Farrar* and *Hardy* v. *Holly*, *supra*. As the trustee did not join in the deed to Babbitt, and there is no evidence that he executed any separate conveyance by the request of the *cestui que trust*, we simply adhere to the repeated rulings of this Court in holding that the interest conveyed to Jones in trust for the separate use of Eliza Broughton did not pass by the deed of conveyance, in which her husband joined, to Luther Babbitt and was not transmitted by the subsequent conveyances to the defendants.　　　　Judgment Affirmed.