V. W. LAND v. THE WILMINGTON & WELDON RAILROAD CO.

*Railroads—Charter—Right of-way—Statutory Proceedings for Damages—Statute of Limitations—Possession—The Code—Trespass.*

1. The defendant, a railroad corporation, entered upon the lands of the petitioner and constructed its road without adopting any of the means provided in its charter for acquiring title.   No time is pre-scribed in the charter within which the owner is to be barred of his right of entry or compensation: *Held,* that the possession of the defendant being protected by its charter from any action of trespass, or other character, the plaintiff is confined to his remedy of having his damages assessed, as allowed by the charter.

2. The three-years' statute of limitations, *The Code,* § 155, subdivisions 2 and 3, is no bar to such proceedings.

3. It seems that there is no statute of limitations provided for such proceedings.

This was a Petition heard, upon appeal from the Clerk, at the Spring Term, 1890, of NASH Superior Court, by *Boy-kin, J.,* against a railroad company for compensation for occupying and using petitioner's land, without complying with the provisions of its charter for appropriating the land to such purposes.

The plaintiff alleges title and possession since 1872 in himself.   Defendant entered upon and constructed a road-way on the land in 1886.   His defence was the statute of

limitations, because more than three years had elapsed since the commencement of the action in February, 1890, alleging that it was a proceeding upon a liability created by statute other than a penalty or forfeiture under section 155 of *The Code;* and that it was also an action for trespass which occurred more than three years before the commencement of the action.    The Court rendered judgment in favor of the plaintiff, setting aside the judgment of the Clerk of the Superior Court, wherein the statute of limitations was held to be a bar.

From this judgment the defendant appealed.

*Mr. Don. Gilliam* (by brief), for plaintiff.
*Messrs. J. B. Batchelor* and *Jacob Battle,* for defendant.

SHEPHERD, J.: The defendant entered upon the land of the petitioner and constructed its road in 1886.    It has no conveyance of the land, nor has it acquired any title by lapse of time.    Its title, therefore, must be derived from the provisions of its charter, and this does not provide for the vesting of title in the defendant until, either at its instance (section 14 of its charter, Rev. Stat.), or that of the petitioner (section 18, *ibid.*), the damages have been assessed and paid. This is also true of the general railroad act (ch. 49, *The Code*), the privileges of which are extended to existing railroad corporations. ₌*The Code,* § 1982.

No such proceedings were instituted by either party until the petitioner filed this petition on the 15th of February, 1890.    Unlike the charter of the North Carolina Railroad Company (section 29), there is no time prescribed in the charter of the defendant, nor in the general railroad act, in which the owner is to be barred of his right of entry or compensation.    It must follow, then, that the defendant is occupying the land of the petitioner without any legal title, and that, in the absence of any statutory provision to the

contrary, the petitioner could sue in trespass or in ejectment.
The possession of the defendant, however, is protected by a
provision of its charter, to the effect that where the defend-
ant has entered without any legal proceedings, no action of
trespass, or of *any other character*, shall be brought by the
owner, except a petition to have his damages assessed.

This takes away all damages for the precedent trespass,
and confines the owner to the compensation provided by the
statute.    These extraordinary privileges which have been
conferred upon the defendant, ought to be sufficient, it would
seem, to meet all the reasonable demands incident to the
construction of its road.    But it is insisted, that, while it may
occupy the owner's land and acquire title by an adverse pos-
session of twenty years, the owner is powerless to prosecute
his only remaining remedy, except within the first three years
of that period.

We cannot believe that such an anomalous state of affairs
was contemplated by the Legislature.

The defendant could have acquired title by instituting
proceedings under its charter, but this it has failed to do,
and it would be only following the dictates of common jus-
tice to allow the owner his compensation (not damages for
the trespass) at any time before the possession of the defend-
ant has ripened into an indefeasable title.    In other words,
so long as the defendant is content to occupy the land with-
out title, the owner should not be prevented from  pursuing
his single remedy.    In the absence of any legislation in the
charter, or in the general railroad acts, the defendant relies
upon section 155, subdivisions 2 and 3, of the Code of Civil
Procedure.    Pierce, in his work on Railroads, 192, says that
such special remedies are not ordinarily barred by the gen-
eral statutes of limitation, but that this is usually done "by
some express provision in the statute which creates the
remedy."    Conceding, however, that the general statute
applies, we are of the opinion that the present proceeding is

not embraced in any of its provisions.   Subdivision 3 relates only to actions of trespass, which, we have seen, cannot be maintained at all against the defendant.   Apart from this, however, trespass is not the true character of this proceeding. In support of this view, we have a case directly in point from Pennsylvania (*McClinton* v. *Railroad*, 66 Pa. St., 404), in which it is held that "the petition, properly used, is not for the recovery of past damages under an unlawful entry, but for compensation for a right to be invested in the company.   Though the latter is often denominated damages, its subject is essentially different from the former.   It is called damages only in the sense of an unliquidated demand; but, in its nature, it is the price of a purchased privilege.   On the contrary, the claim for the tortious entry and illegal user of the land is purely and properly damages.   It is obvious, therefore, that the statute of limitations is not applicable to the petition, which does not determine, unless by consent of the parties, the former damages for intrusion, but compensation only for the future use."

The other provision relied upon (subdivision 2) refers to actions "upon a liability created by statute other than a penalty or forfeiture."   We are unable to understand how the liability incurred by the interruption of an owner's constitutional right to occupy and enjoy his property, can be said to be created by any statute.   It is true that, under the defendant's charter, the petitioner is shorn of all of the usual privileges of ownership, save only a right to have compensation by a particular method of procedure   This right to compensation is conferred by the Constitution, and the liability of the defendant is not "created," but only regulated by statute.   The language of the provision mentioned, is contained in the Codes of several States, and we have been unable to find any decision applying it to cases like ours. It means precisely what it says, "a liability *created* by statute," such as "an assessment for the reclamation of swamps

and overflowed lands" (*People* v. *Hurlbut*, 71 Cal., 72), or the claims of a District Attorney for his commissions on debts recovered for the county, where the statute provides for his payment. *Highby* v. *Calavarus County*, 18 Cal., 176, and like cases  These references serve to illustrate the meaning of the words of the statute, and very clear y indicate that they do not embrace a mere regulation for the enforcement of a right secured by the fundamental law of the land.   In conclusion, we will add the remarks of Chief Justice Thompson in *Delaware* v. *Railroad*, 61 Pa. St., 378, that "The defendant has no right to complain of delay as a reason for invoking the statute.   The company might and ought to have proceeded and had the damages assessed and paid them, if it did not intend that the plaintiff   *   *   * might take his time to test the damage, inconvenience or otherwise, that the road would be to his property before proceeding."   The petitioner is entitled to the relief prayed for.

Affirmed.