HENRY KIRBY v. ALEXANDER BOYETTE et al.

*Married Woman—Deed of Settlement—Trust—Power of Disposal, by Cestui Que Trust, of Land.*

1. The power of a married woman to dispose of land, held by her under a deed of settlement, is not absolute but limited to the mode and manner pointed out in the instrument.

2. Where land was conveyed to a trustee for the sole and separate use of a married woman, to be free from any debts of her husband, a mortgage executed by her and her husband, without the joinder of the trustee, is void and the fact that the trustee becomes the owner of the note secured by the mortgage and seeks to foreclose the latter gives it no validity.

3. The power conferred upon married women by Art. X, Sec. 6, to dispose of her property is subject to such limitations as her grantor or devisor may prescribe in a deed or will.

CIVIL ACTION, heard in a case agreed at November Term, 1893, of WILSON Superior Court, before *Hoke, J.,* who held the mortgage sought to be foreclosed to be valid.   The cause was referred to a referee to ascertain the amount due, and at June Term, 1894, judgment of foreclosure was ren-

dered by *Bynum*, *J.*, and defendants appealed. The material facts of the case agreed are set out in the opinion of Associate Justice AVERY.

*Messrs. Shepherd & Busbee*, for plaintiff.

*Messrs. H. G. Connor* and *E. W. Pou*, for defendants (appellants).

AVERY, J.: Isaac Boyette, intending to provide for his son's wife, on the fourth day of May, 1867, conveyed a tract of land to Henry Kirby (to use the language of the instrument itself) "upon the express trust and undertakings however that he shall hold the said land and improvements for the sole and separate use of Louisa V. Boyette, a married woman and her heirs, as a *feme sole* free from any debts or contracts of her present husband or any future husband she may hereafter marry." On the 8th day of December, 1880, the *cestui que trust* Louisa and her husband executed, with privy examination and all of the usual legal formalities, a deed conveying the same land to Rountree, Barnes & Co., to secure the payment of the note of the husband, Nathan Boyette, for $702.84, and advances for agricultural purposes made to him. The trustee, Henry Kirby, did not join in the mortgage deed to Rountree, Barnes & Co., but has since become by assignment the owner of the note, and has brought an action against the heirs of Louisa, *cestui que trust*, who are her children by the marriage with Nathan Boyette, to foreclose for default in the payment of the said note of Nathan, whose administrator is also a party defendant.

The question presented is whether the deed of husband and wife, without the joinder of the trustee, passed the wife's interest.

It is settled by repeated rulings of this Court that the power of a married woman to dispose of land held by her under a deed of settlement is "not absolute, but limited to

the mode and manner pointed out in\ the instrument." She "is to be deemed a *feme sole* only to the extent of the power expressly given her in the deed of settlement." *Hardy* v. *Holly*, 84 N. C., 661 ; *Kemp* v. *Kemp*, 85 N. C., 491 ; *Mayo* v. *Farrar*, 112 N. C., 68 ; *Monroe* v. *Trenholm*, *Ibid*, 634 ; *Broughton* v *Lane*, 113 N. C., 161. This Court has acted upon the theory that the wife derives her power of disposition of the property solely from a strict construction of the permissive provisions of the instrument creating the estate.   *Mayo* v. *Farrar*, *supra* ;. 3 Pomeroy Eq. Jur., Sec. 1105.

It is apparent that it was the intention of the grantor that the trustee should hold the land for the sole and separate use of the married woman, and that it should be as free from liability for any debt or contract of the husband as it would have been, had she been a *feme sole*.   In the case at bar the trustee, claiming in his individual right by assignment, seeks to subject the land by foreclosure of a deed which was executed without his assent, signified by joining as a grantor.   It is manifest that if the Court should lend its sanction to the validity of this conveyance the result would be not only to subject the land to the payment of the husband's debt contrary to the express intent of the grantor in the deed of assignment but without the assent and at the instance of the trustee standing in the antagonistic attitude of holder of the husband's note.   In *Clayton* v. *Rose*, 87 N. C., 106, the Court said :   "The argument, which seeks to deduce from adjudicated cases elsewhere a capacity in a *feme covert* to dispose of her equitable estate in land *when not restricted by the provisions of the instrument creating it* as if she were sole and unmarried, overlooks the case of *Hardy* v. *Holly*, 84 N. C., 661.   We must take it to be the settled law of this State, at least, that a married woman, as to her separate property, is to be deemed

KIRBY v. BOYETTE.

a *feme sole* only to the extent of the power expressly given her in the deed of settlement." We find therefore in the opinion in that case no support for the theory of the learned counsel for the plaintiff that the rule which the Court intended to lay down in *Hardy* v. *Holly* was that a *feme covert*, where a mode of alienation was pointed out in the deed of settlement, was subject to its express provisions, but in the absence of such restrictions, was under no restraint as to her power of disposition, except such as are imposed by Article X of the Constitution.

It must be conceded that the head note in *Norris* v. *Luther*, 101 N. C., 196, is misleading, but a critical examination of the case will disclose the fact that a decree of sale was vacated, a sale set aside, and a deed cancelled, because the decree had been rendered without proper service on a *feme covert*, and that ultimately some doubt was expressed by the Court as to the title that would pass by the sale under the later decree. At all events, if the opinion is susceptible of the construction placed upon it by counsel, it is in conflict with the older as well as the later cases which we have cited.

We are not prepared to admit that the provisions of Article X of the Constitution shall be construed not only as an enabling act as to the power of disposition of a *feme sole* over her separate real estate, but as a restriction upon the power of the person who transmits it to her by deed or devise to place any limit upon her authority to alien in the manner therein prescribed. Before the Constitution of 1868 was adopted, the right to devise or convey land to a trustee for the sole and separate use of a married woman and to restrict the power of alienation to a particular mode, as we have seen, existed and was often exercised to protect females against the improvidence or extravagance of their husbands. We would be taking a long stride in a new

direction were we to admit that the power of disposition of real estate, with all of the incidental rights to impose limitations, was taken away by implication in conferring a restricted right of alienation upon married women. *Hughes* v. *Hodges*, 102 N. C., 236 ; *Bruce* v. *Strickland*, 81 N. C., 267. It would seem more reasonable to hold that the Constitution should not be construed, when it fails to expressly so provide, as operating in derogation of common right, and that the power conferred upon married women should be deemed subject both to the restrictions (as to privy examination and consent of the husband) prescribed in Article X and to such limitations, as it is lawful for a grantor or devisor to prescribe in a deed or will. But we mention this question merely to prevent any misapprehension, and will not further discuss or decide it here, since it is not directly raised in this case. The deed of settlement was executed on the 4th of May, 1867—not in contemplation of the provision of the Constitution of 1868—and according to its terms was intended to protect the land against liability for the husband's debt. It is needless to cite authorities to sustain the proposition that the power, subsequently conferred upon married women by the Constitution, was at all events subject to the constitutional right of disposition which had theretofore been exercised as inherent in the title acquired.

For the reasons given we think that the judgment of the Court below was erroneous. The Court should have held upon the case agreed that the deed of Nathan Boyette and wife Louisa was ineffectual to convey the land without the joinder of the trustee. There was error. Let this opinion be certified to the end that the proper judgment may be entered below.

Error.