FANNY L. UTLEY v. WILMINGTON & WELDON RAILROAD COMPANY.

*Railroad Companies—Appropriation of Land—Damages—Limitations—Color of Title.*

1. Where the charter of a railroad company provides that when the company has appropriated land without authority no action shall be brought by the owner except a petition to have the damage assessed, and fixes no limitation of the action, such petition is neither an action of trespass nor one on a liability created by statute within the meaning of *The Code,* Section 155 (2) and (3), (Statute of Limitations) and the refusal of the trial judge to submit an issue upon the Statute of Limitations was not error.

2. An unregistered deed, accompanied by continuous possession by the grantor since its execution, is color of title, notwithstanding " Conner's Act " (Ch. 147, Acts of 1885,) and was properly admitted in evidence in a proceeding to recover damages from a railroad for appropriating a part of the land before the registration of the deed.

This was a PROCEEDING under the statute (Chapter 49 of *The Code*), commenced by petition and summons by way of notice before the Clerk of the Superior Court of CUMBER-LAND County on 11th August, 1893, by the plaintiff against the defendant asking for the appointment of commissioners of appraisal to ascertain, determine and report the compensation the defendant ought to pay the plaintiff for constructing its roadway across her town lot in Fayette-

UTLEY *v.* RAILROAD COMPANY.

ville, known as "The Nursery," in 1885, without her authority and consent, and without any proceeding of condemnation or compensation therefor.

The defendants contended that by the pleadings issues of fact were raised which must be determined before any judgment or order was made by the clerk in the case, and moved that the issues so raised be transferred to the civil issue docket, to be tried by a jury at term.

The clerk overruled said motion and made an order appointing commissioners of appraisal to ascertain and report the damage and compensation the petitioner ought to receive. From this order the defendant appealed to the superior court at term.

The case came on to be heard upon the appeal from the clerk before *Hoke, J.*, at November Term, 1895, of the superior court of Cumberland county, when the defendant moved to set aside the order of the clerk as premature; and, contending that the court had only jurisdiction upon the appeal to pass upon the order of the clerk, asked the court to remand the case to the clerk with instructions to send up issues for trial to the superior court at term.

In response to defendant's motion his Honor had the following order entered of record in the case:

"In this cause, the clerk having issued an order for commissioners to assess damages when there were material issues in bar of plaintiff's claim undecided,

"It is considered and adjudged that the order appointing commissioners be and the same is hereby set aside, and the cause stands for trial in this court on the issues made by pleadings."

118—46

Defendant excepted and prayed an appeal, which was disallowed.

His Honor submitted the issues to the jury as follows :

" 1. Is the plaintiff the owner and in possession of the tract of land through which the defendant's road runs and described in complaint ?

" 2. Does the defendant wrongfully use and occupy the said land for its right of way without making compensation therefor ? "

The defendant asked the court to submit an issue as to the Statute of Limitations. Upon objection of the plaintiff the court declined to do so, and the defendant excepted. The plaintiff offered in evidence a deed made by Thos. S. Lutterloh, administrator and commissioner, to the plaintiff, then Miss Fanny Lutterloh, now Mrs. Fanny L. Utley, widow, dated September 11, 1860, conveying the premises, which was recorded after probate, June 26, 1886. The defendant objected upon the grounds that the deed purported to be a deed made by the said Thos. S. Lutterloh as administrator of Charles Lutterloh, Jr., and that unless an order of the court was shown authorizing a sale of the land, and sale had been made in pursuance thereof and a report to court, and a confirmation of the sale was made, that the deed was void.

Plaintiff stated that the deed was offered as color of title. Defendant objected. The court allowed the deed to be read as color, and defendant excepted.

The defendant further insisted and contended that, the registration of the deed being in June, 1886, and the railroad having been constructed across the lot in 1885, the deed by subsequent registration, and being also void, could not be made color.

The court overruled the objection and allowed the deed to be read as color. Defendant excepted.

There was a verdict for the plaintiff, and from the judgment thereon defendant appealed.

*Mr. R. P. Buxton,* for plaintiff.
*Mr. G. M. Rose,* for defendant (appellant).

MONTGOMERY, J.: The defendant company on the trial below made numerous exceptions, but in the argument here it abandoned them all except the second and third, which are in substance as follows: " 2. Because *Judge Hoke* (at a previous term) upon objection by plaintiff refused to submit an issue upon the Statute of Limitations, although asked to do so by defendant. 3. Because *Judge Hoke* held that the deed to the plaintiff from T. S. Lutterloh, administrator and commissioner, dated September 11, 1860, accompanied by possession, was color of title, although only recorded June 26, 1886, and although the railroad had been constructed across the lot in 1885."

There was no error in the ruling of his Honor upon either of the matters to which those exceptions were made. In the case of *Land* v. *Railroad,* 107 N. C., 72, it was decided that the defendant there (the defendant here also) could not avail itself of the provisions of Section 155, Sub-divisions two and three (Statute of Limitations) of *The Code,* in actions like this, on account of peculiar features in its charter. The plaintiff, to show title to the land, offered in evidence a deed as color of title which was executed to herself by T. S. Lutterloh on September 11, 1860, and which had been accompanied by the possession of the plaintiff or tenant since its execution, but which had never been registered until after the railroad had been constructed across the

land in 1885. The deed was admitted by the court as color of title, and the plaintiff filed the second exception. This deed, accompanied as it was with the possession as above set out, was color of title, notwithstanding the Act of 1885, Ch. 147. *Avent* v. *Arrington*, 105 N. C., 377.

No Error.