JOHN A. NARRON, Trustee et al v. THE WILMINGTON &
WELDON RAILROAD COMPANY.

(Decided March 29, 1898).

*Proceeding for Assessment of Damages for Railroad
Right of Way — Easement — Adverse Possession —
Statute of Limitations.*

1. Since a railroad is authorized by its charter under the State's right of
   eminent domain to enter and occupy land for its right of way, it
   needs no grant from the owner of the soil, and, therefore, cannot
   acquire title to the easement by prescription.
2. No one can grant an easement in land who cannot convey the fee
   simple.
3. Where land was conveyed to a trustee for the separate use of a mar-
   ried woman, the latter and her husband cannot convey to a rail-
   road company the right of way over the land.
4. The Act of 1893 (Chapter 152, Sections 1 and 2), limiting actions for
   damages for occupation of land by a railroad company to five years
   and exempting from its operation companies chartered prior to
   1868, is not in violation of the Fourteenth Amendment of the
   Constitution of the United States, prohibiting any State from de-
   nying to any person the equal protection of the laws.

PROCEEDINGS begun before the Clerk of the Superior
Court of JOHNSTON county for the assessment of dam-
ages for right of way under the defendant's charter, and
transferred to Term and heard before *Robinson, J.,* at
November Term, 1897, of said Court.   A jury trial was
waived, and his Honor rendered judgment for the de-

fendant on an agreed statement of facts, which are summarized in the opinion. The plaintiffs appealed.

*Messrs. Simmons, Pou & Ward* for plaintiffs (appellants).
*Mr. Robert O. Burton* for defendant.

FURCHES, J.: On the 20th of March, 1871, a part of the land upon which the defendant's road-bed is located was conveyed to Wiley Simms, and on the 6th day of July, 1872, the residue was conveyed to him. These lands were conveyed to Simms as trustee for the sole and separate use and benefit of Maria Heath for life, to be held free from all debt, charges and encumbrances of her husband, A. J. Heath; and at her death for Ora M. Heath, Preston S. Heath and Ava E. Heath, children of the said Maria Heath.

On the 28th day of August, 1885, A. J. Heath and wife, Maria, J. W. Wellons, and Ora, one of the *cestuis que trust*, and who had intermarried with J. W. Wellons, made and executed a deed to the defendant corporation, granting it the right of way over said lands. Thereafter, and in the fall of 1881, the defendant entered upon the lands, located its road-bed, and has continuously held and occupied the same from that time until the commencement of this proceeding for damages.

The trustee, Simms, was not a party to the deed to the defendant, nor did he assent to the appropriation and occupancy by defendant of said land. The said Simms is dead, and the plaintiff, Narron, has been duly appointed trustee in his stead.

Upon these facts, which were agreed to by the parties, the Court held that the defendant was the owner of the 130 feet of land, running across said lands for a mile,

upon which its road-bed was located; that "it had been possessed of said right of way under known and visible lines and boundaries, and under color of title for seven years next before the bringing of the action, and that the plaintiffs' claim is also barred by the five years statute of limitations."

These facts and this ruling of the Court present the only question necessary for our consideration in determining the rights of the parties.

It is not contended that the defendant is the *owner* of the land upon which its road-bed is located; but that, by the deed of Heath and wife, the defendant is the owner of an *easement* upon the land covered by its road-bed; that this deed is color of title at least, and that the defendant has occupied this land under said deed for more than seven years, which has perfected its title, if it was at first defective.

The defendant further contends that this proceeding was not commenced within five years from the time the defendant entered upon and took possession of its road-bed, and that the plaintiff's right to recover, if he had any, is barred by the lapse of time, under Chapter 152, Acts of 1893.

An easement must be an interest in or over the soil; it cannot be made by livery—by deed—but lies only in grant. Washburn on Easement and Servitude, 27. It may also be acquired by prescription, or, more properly speaking under the modern doctrine, by presumption. This presumption of a grant may arise by the continuous occupation for 20 years. Whether this presumption arises from the occupation of a railroad, it may not be necessary for us to decide in this case. But it would seem that the reason for presuming a grant by the continued occupation of the land for 20 years is wanting.

This rule is founded upon the idea that, if there had not been a grant, the owner would have put an end to the wrongful occupation before the expiration of 20 years.   In this case, and that of other railroads, it is not necessary that they should have a grant to authorize their entry and occupation.   This is authorized by the charter under the State's right of eminent domain. And the owner of the soil has no right to prevent the entry and continuous occupation of the defendant road. This being so, the reason for the rule creating the presumption fails, and it would seem that the defendant would acquire no title by occupation and the lapse of time, and this opinion seems to be sustained by the decisions of the Court in *Land* v. *Railroad*, 107 N. C., 72, and *Utley* v. *Railroad*, 119 N. C., 720.   This being so, the defendant must rely upon the deed from Heath and wife, and the plea of the statute of limitations.

No one but the owner of the soil can grant an easement—no one who could not convey the fee simple estate.  *Washburn, supra*, 40.   Heath and wife could not have done this.   *Kirby* v. *Boyette*, 116 N. C., 165; same case 118 N. C., 244.   And as they could not have conveyed the land, they could not create the easement by grant.   This leaves the statute of limitations to be considered.

At Common Law there was no limitation to the right of action.   This defence is entirely statutory.   It does not affect the rights of the parties.   It does not pay any debt or satisfy any demand.   It only closes the courts— puts up a *legal bar* between plaintiff and defendant. The defendant claims that the Act of 1893 does this, as against the plaintiff's demand.   In the first section of this Act, it provides a bar against all such actions as this, not commenced within five years from the time the

defendant's occupation commenced. And if the Act had stopped with this section, the defendant's plea would have been a protection to the defendant, as against the plaintiff's demand, in the proceeding. But the second section of this Act provides that it shall not apply to any railroad chartered before 1868; and as the defendant's road was chartered before 1868, it is admitted that this statute does not bar the plaintiff's action, if the second section is constitutional. But the defendant contends that this section of the Act is in violation of the 14th Amendment to the Constitution of the United States and void, for the reason that it does not afford this road the same protection that it does some other roads; that it discriminates against this road in favor of some other roads. If this were true, all other statutes of limitations would be void, as they all have such discriminations. They all except from their operation *feme coverts*, infants and persons of unsound mind. But we cannot understand how it can be unconstitutional not to give a party that which it has no legal right to demand. The statute of limitations gives no rights to any one, and in a legal sense it gives no protection to any one. It may deprive a party of his legal remedy, and this, it is said, should not be done without giving such party reasonable time to commence his action. *Nichols* v. *Railroad*, 120 N. C., 495.

This rule would apply to the plaintiff, if it were his right of action that might be affected. But as the statute of limitations takes from the defendant no right he has, this rule does not apply to him.

But the defendant is one of a class—"all railroads chartered before 1868." This being so, it is no discrimination against the defendant. *Gatlin* v. *Tarboro*, 78

N. C., 119; *State* v. *Call*, 121 N. C., 643, and the great number of cases there cited.    There is error.

New trial.

CLARK, J., concurring:  When an action is brought for ejectment, one who has been in possession under color of title for seven years is protected by the statute because, having been exposed to an action for that length of time, the statute has run in his favor.  So, where one has been exposed to an action for trespass for 20 years, the law presumes therefrom the grant of an easement.  But, here, the defendant under its charter enjoys legal possession and its easement by virtue of the right of eminent domain and has never been exposed either to an action of ejectment or for trespass for an hour.  The plaintiff could not have maintained an action for either of these causes and has not now attempted to do so.  His sole remedy is under the constitutional provision giving him right to compensation.  As to that cause of action there was no statute of limitations, (*Land* v. *Railroad*, 107 N. C., 72; *Utley* v. *Railroad*, 119 N. C., 720), until Chapter 152 of the Acts of 1893. But that statute conferred the right to plead that defence only upon railroads chartered since January 1, 1868, and the defendant cannot avail itself thereof.  Chapter 224 of the Acts of 1895 applies to all railroads, but does not embrace "compensation for right of way," and Chapter 339 of the Acts of 1897, making the Act of 1893 apply to railroad companies chartered prior to 1868, cannot affect this action.  *Nichols* v. *Railroad*, 120 N. C., 495; *Culbreth* v. *Downing*, 121 N. C., 205.