H. S. HARKINS, E. W. KEITH, Administrator c. t. a. of E. T. Clemmons, and A. A. FEATHERSTONE v. CITY OF ASHEVILLE.

(Decided December 23, 1898.)

### Condemnation Proceedings—Notice.

1. Where proceedings are instituted, under Private Acts of 1883, Chapter 111, by a City to condemn and appropriate for a public street a portion of a city lot, notice to the equitable owner in actual possession is sufficient where the legal title is in a non-resident trustee under deed of trust.

2. Where such proceedings are *infra vires* the condemnation and appropriation to the public use must stand, the question as to who is entitled to the damages awarded cannot be raised in an action for the land itself.

CIVIL ACTION to recover land, tried before *L. L. Greene* at August Term, 1898, of BUNCOMBE Superior Court.

The land in suit was a city lot in Asheville, N. E. corner of Depot street and Patton Avenue, and had formerly belonged to G. W. Cannon, who on June 13, 1890, conveyed it in trust to C. J. McCape to secure a debt to Mrs. E. H. Hendrickson of Philadelphia. Before settling the trust, the trustee left the State leaving the trustor in possession.

On 11th August, 1891, the city authorities instituted proceedings under Private Acts, 1883, Chapter 111, to condemn and appropriate a portion of this lot for a public street—notice of which proceedings were served on G. W. Cannon, the trustor, then in possession. The damages reported were $483.33, but Cannon being dissatisfied with that amount appealed to the Superior Court, where by consent the matter of damages was referred to arbitration—one of the two arbitrators being

H. S. Harkins, one of the plaintiffs—they awarded the sum of $750 which was paid to said J. W. Cannon.

Thereafter under proceedings instituted for that purpose, J. M. Westall was substituted as trustee in place of McCape on January 4, 1895, and proceeded to close the trust by a public sale, at which H. S. Harkins became the purchaser, at the price of $3,800 and received a deed on 14th March, 1895.

E. T. Clemmons and A. A. Featherstone having each advanced one-third of the purchase money, Harkins, the purchaser, executed to them a deed, or declaration of trust, of the same date for their respective interest in the purchase.

This suit was instituted April 5, 1896.

At the conclusion of the evidence his Honor intimated that in no view of the evidence were the plaintiffs entitled to recover. In deference to such intimation the plaintiffs submitted to judgment of non-suit and appealed.

*Messrs. Moore & Moore* and *Whitson & Keith,* for plaintiffs (appellants).

*Mr. George A. Shuford* for defendant.

MONTGOMERY, J.: At the conclusion of the evidence his Honor said that in no view of the evidence were the plaintiffs entitled to a verdict and judgment, whereupon the plaintiffs submitted to a judgment of non-suit and appealed.

On the chief matter in dispute, and the only one necessary for us to consider in our view of the case, there was no conflict in the evidence and from it the following facts might have been agreed upon by the parties as upon a controversy submitted without action,

if they had so desired. That in August, 1891, G. W. Cannon was in the possession and actual occupation of a parcel of land described in the pleadings; that Cannon being the owner of the property theretofore on the 13th of June, 1890, executed a deed of trust to C. J. McCape upon the lot to secure a debt due to Mrs. Hendrickson; that on the 11th day of August, 1891, the proper authorities of the city of Asheville, in the manner required by the Private Laws of the General Assembly of 1883, Chapter 111, condemed for the purposes of a public street a part of the lot described in the complaint; that the jury summoned to assess the damages made report, to which report, on account of insufficiency of damages, Cannon made exception; that by consent of defendant and Cannon, arbitrators were appointed to settle the matter and to fix the amount of damages; that the arbitrators met and agreed upon the damages, reported the same and the amount was paid by the city to Cannon; that notice of condemnation was given to Cannon and no notice given to McCape, trustee; that the land, since its condemnation in 1891, has been used as a public street; that under a sale of the property made by one Westall, a substituted trustee in place of McCape, in 1895, the plaintiff became the purchaser of the whole lot of land and received a deed therefor.

In the argument here the counsel for the plaintiffs questioned the power of the city authorities to condemn the piece of land for a public street, but upon a review of the trial it appears that the objection was not made in the Court below. The case was tried on the theory that the land had been condemned and the street laid out by the city authorities under the powers of law and under the authority of the Act of the General Assembly. The meeting of the jury for the assessment of

damages, the dissatisfaction of Cannon to the amount of the assessment, the submission of the dispute between Cannon and the city authorities on the question of the assessment, the award of the arbitrators and the payment of the amount mentioned in the award were all put in evidence by the defendants without objection on the part of the plaintiffs. The contention on the trial below was, not that the city authorities acted *ultra vires*, but that they failed to give notice of condemnation proceedings to the trustee McCape; that the notice to Cannon, the equitable owner, who was in possession at the time of condemnation, was not a sufficient notice and that the whole proceeding was void. It is a fundamental principle that the State in the exercise of the right of Eminent Domain cannot appropriate the property of an individual without making to the individual due compensation for the property taken. It cannot be, however, that in a case where a city has condemned a piece of land, the property of an individual, for the purpose of a public street that the proceeding can be held void, because of a failure to give notice to all persons who may have had an interest in the land. If the proceedings of condemnation be *infra vires* the condemnation and appropriation to the public use of the land must stand and the only question that can be left for settlement would be the compensation to the owner of the property. *Land* v. *Railroad*, 107 N. C., 72; *Narron* v. *Railroad*, 122 N. C., 856. The question as to whom the compensation for the land condemned by the city should have been paid, whether to Cannon, the trustor, or to McCape, the trustee, of Mrs. Hendrickson, is not raised in this case. There was no error in the ruling of his Honor and the judgment is affirmed.

Affirmed.