### D. R. DUNLAP v. RUFUS HILL et al.

(Filed 30 October, 1907).

1. **Deeds and Conveyances—Trusts and Trustees—Marriage Settlement—Joinder of Trustee.**

   When, under a marriage settlement, a trustee is named "who shall have the right, by and with the consent of the *feme covert,* to sell and convey" the real and personal property, a conveyance of real property by such *feme covert* and her husband, without the joinder of the trustee, is void.

2. **Same—Marriage Settlement—Construction of Deed.**

   A marriage settlement may include the disposition and control of future acquired real and personal property; but, in order to restrict the wife's power to convey real property acquired by purchase, and to control it, especially since the Constitution of 1868, the language of the instrument should be plain and the intent unequivocal.

3. **Same.**

   When, by placing the descriptive words of conveyance of realty used in a marriage settlement in their proper relation to each other, they appear to embrace all the real estate that the *feme covert* may hereafter be entitled by "right, devise or bequest," the words "entitled by right" are used in connection with "devise or bequest," and their meaning is restricted to lands descending by operation of law or right of inheritance, and they do not include land acquired by purchase.

4. **Same—Expressio Unius.**

   When the devolutions by which realty must be acquired in order to come within the terms of the marriage settlement are expressed in the deed, as by operation of law or by inheritance, it excludes realty acquired by purchase.

ACTION to foreclose a mortgage deed, dated 17 March, 1903, executed by John C. Hill and wife, Caroline, to plaintiff, conveying two tracts of land, one containing 87 acres and the other 105 acres, heard by *Justice, J.,* at October Term, 1906, of the Superior Court of ANSON County.

From the judgment dismissing the action plaintiff appealed.

*John T. Bennett* for plaintiff.
*Robinson & Caudle* and *J. A. Lockhart* for defendants.

BROWN, J.    It appears from the record that in 1861 Caroline Coley entered into a marriage settlement with John C. Hill, who immediately thereafter became her husband.    The wife is dead, and the husband survives.    The tract of land containing 87 acres is conveyed in the deed of settlement. The other tract was conveyed by deed directly to Caroline Hill some years after her marriage.    She and her husband duly executed the mortgage sued on to plaintiff, conveying both tracts, to secure the debts described in the complaint. The trustee in the deed of settlement did not join in the execution of the mortgage.

It is contended by defendants that the mortgage is void.

1. As to the 87-acre tract, we concur with his Honor below that the mortgage is void for lack of power in the mortgagors to make a valid conveyance.    In the deed of settlement the only method provided for a conveyance of any part of the estate of the *feme covert* is as follows: "G. A. Smith (the trustee) shall have the right, by and with the consent of the said Caroline Coley, to sell and convey away any of the real or personal estate that he may hereafter hold for the said Caroline Coley."    It is further provided that said trustee shall have the right to reinvest moneys received from the conveyance of real or personal estate for the use of said Caroline Coley.    It seems to be settled in this State that where a *feme sole* has made a deed of marriage settlement of her separate

estate, whether real or personal, to a trustee, for her sole and separate use, her power of disposition over the same during marriage is limited to the mode and manner prescribed by that instrument. If she and her husband join in a mortgage conveying her estate, without the knowledge or consent of the trustee, and outside of the powers conferred, said deed is invalid. *Hardy v. Holly,* 84 N. C., 661; *Kerby v. Boyette,* 116 N. C., 165; *Shannon v. Lamb,* 126 N. C., 38.

The matter is so fully discussed in the cases cited, and others in our reports, that it is useless to do more than cite them. It is plain that, according to our authorities, Caroline Hill, although with the consent of her husband, could not convey the 87-acre tract without the joinder of the trustee.

2. The plaintiff contends that the 105-acre tract is unaffected by the marriage settlement, and as to that the mortgage is valid.

We note the fact that the deed of settlement not only conveys real and personal property by specific description, but purports to convey, subject to the trusts declared, such property as said Caroline should acquire in the future, the language of the instrument being as follows:

"Have bargained, sold and conveyed, and by these presents doth bargain, sell and convey, unto the said G. A. Smith all the estate, both real and personal, and all the choses in action that the said Caroline Coley may be possessed of or entitled to receive from any and all sources whatsoever, AND ALL THE ESTATE, EITHER REAL OR PERSONAL, OR CHOSES IN ACTION, THAT THE ABOVE-NAMED CAROLINE COLEY MAY HEREAFTER RECEIVE OR BE ENTITLED BY RIGHT, DEVISE OR BEQUEST."

As to the personal estate acquired by said Caroline during her coverture, it is unnecessary to determine whether that came under the dominion of the trustee by virtue of the deed or not. No question of that sort is presented in the record.

As to the tract of land conveyed by deed to said Caroline during her coverture, we are of opinion that it does not come

within the terms of the marriage settlement, and that consequently the mortgage is valid and the plaintiff is entitled to a decree of foreclosure as to that.

We do not controvert the proposition contended for by the learned counsel for the defendants, that marriage settlements may include the disposition and control of future acquired property, both real and personal. 19 A. and E., 1239.

But, in order to restrict the wife's power to acquire property by purchase, and to control it when so acquired, especially since the Constitution of 1868, the language of the instrument should be plain, and the intent to do so unequivocal.

In respect to the real property, we think the instrument is justly susceptible of a different construction from that contended for. The words of the deed relating to the future acquisitions of real estate are so mixed with those properly relating to personalty that, in order to construe the former, it is well to eliminate them and place them in a sentence by themselves, reading as follows:

"And all the real estate that the above-named Caroline Coley may hereafter be entitled to, by right, devise or bequest."

The other words in that part of the deed quoted plainly refer to personalty. The word "receive" is entirely appropriate when used to denote an acquisition of choses in action and other personal property, but entirely unusual and inappropriate in describing an acquisition of land by purchase.

We may say "a man receives his inheritance," but we do not use that word in describing a purchase of land. While we have been unable to find, after diligent search, "a case in point," we have no difficulty in concluding that the words "by right, devise or bequest," taken in connection with each other, indicate by their association a purpose to bring within the scope of the instrument only such lands as Caroline Coley should receive by right of inheritance, devise or bequest. If

the purpose was to embrace all lands, however acquired, why use the words "right, devise or bequest" at all? If such was the purpose, those words were unnecessary and inappropriate.

The words "be entitled by right" are used in connection with "devise or bequest," and evidently refer to land descending upon Caroline Coley by operation of law, by right of inheritance, and not to land acquired by purchase. *Noscitur a sociis.*

The methods of devolution by which the realty must be acquired in order to come within the terms of the settlement, being expressed in the deed, the maxim of the law will exclude from its operation land acquired in other ways. *Expressio unius est exclusio alterius.*

The cause is remanded, with direction to enter a decree of foreclosure in accordance with this opinion.

Reversed.