HENRY PARKER v. NORFOLK & CAROLINA RAILROAD
. COMPANY.

*Action for Damages—Diverting   Water on Land by Construction of Ditches—Measure of Damages—Statute of Limitations.*

1. An action will always lie for damages resulting from the ponding of water on land by the unskillful construction of ditches until, by continuous occupation for twenty years, the presumption of a grant arises.

2. In an action for damages against a railroad company for ponding water upon land, the plaintiff may elect to claim only the damage sustained up to the time of trial of the action, and if

the defendant fail to ask in his answer for the assessment of prospective as well as present damages the bar of the statute will not prevent a recovery of that sustained within three years prior to the issuing of the summons.

3. Under the established and liberal rule of pleading under *The Code* system that an allegation of facts entitling a party to affirmative relief is equivalent to a formal demand for such relief, an allegation in a complaint in an action for damages for ponding water on plaintiff's land that the fertility of his land had been destroyed and the land rendered totally unfit for agricultural purposes was properly held by the trial judge to be a demand for permanent damages.

4. Where a railroad company purchased a right of way over plaintiff's land, and in 1888 constructed its ditches, which were proper for the safety of the road bed but diverted surface water from other lands so as to cause an overflow on plaintiff's land whereby it was rendered unfit for cultivation; *Held*, that an action for damages caused by such overflow, brought in October, 1894, was not barred by the Statutes of Limitations as to permanent damages or the damages accruing within three years prior to issuing the summons and up to the time of the trial.

5. In an action for permanent damages for ponding water upon land (over which right of way had been granted) resulting from the unskillful construction of ditches by a railroad, whereby plaintiff's land has been rendered unfit for cultivation, the true measure of damages is the difference in the value of the land in its condition when the right of action accrued and what would have been its value had the road been skillfully constructed.

6. Although authority to divert surface water to its natural outlet, or an outlet capable of receiving it, is included in the easement acquired by a railroad company in the grant or condemnation of the right of way, the company is nevertheless subject to the same restrictions as any other landowner in carrying it off, and is liable for damages if the work is done negligently.

CIVIL ACTION, for damages, tried at Fall Term, 1895, of BERTIE Superior Court, before *Boykin, J.*, and a jury. The complaint, after the formal parts, alleged :

PARKER *v.* RAILROAD COMPANY.

"3. That said Henry Parker for the past six years planted said land in crops of corn, peas and other products, and endeavored to cultivate crops on said land, until it was rendered unfit for cultivation by the unlawful, negligent and wrongful act of the defendant.

"4. That the defendant, the Norfolk & Carolina Railroad Company, some time about the year 1888, negligently, wrongfully and unlawfully cut ditches along its right of way on plaintiff's land for the purpose of draining the water of Long-pond and Flat Pocosins on said land by means of its side-ditches, and also of draining the water which collected in said side-ditches.

"5. That, by reason of the negligent, unlawful, careless and wrongful cutting of said ditches on said land, it was and is constantly overflowed with great quantities of water, which defendant has diverted from its natural course, and from the way in which it had been accustomed to flow, and thereby emptied the same upon the farm of plaintiff, above described.

"6. That, by reason of the negligent, wrongful and unlawful and careless cutting of said ditches, and the negligent and unlawful diverting of the course of said water, the plaintiff's farm has been constantly and repeatedly overflowed for the past six years, and the crops destroyed and the land rendered unproductive.

"7. That, by reason of the negligent, wrongful, unlawful and careless cutting of said ditches, and the negligent and unlawful directing of the course of said water, the plaintiff's farm, by said repeated overflow, has been rendered sour and sobbed, and its fertility destroyed and rendered unfit for agricultural purposes.

"8. That, owing to the acts above alleged, plaintiff has been damaged one thousand dollars."

Therefore plaintiff asks judgment:

"1. For one thousand dollars. 2. For all equitable and legal relief. 3. For the costs of this action."

The answer was as follows:

The defendant, for answer to the plaintiff's complaint, says:

"1. That defendant admits Sections Nos. 1 and 2 to be true.

"2. That the defendant is informed and believes that Section 3 of the complaint is not true, and therefore denies the same.

"3. That the defendant admits that it cut ditches on its right of way, but alleges that the said ditches were necessary for the proper drainage of its road-bed, and that in cutting the same it exercised a lawful right, in a lawful and proper manner, and denies that they were wrongfully, negligently or unlawfully cut.

"4. That the defendant is informed and believes that Section 5 of the complaint is untrue, and alleges that the plaintiff's land, described in the complaint, has not been overflowed more frequently since than before the construction of its road-bed, and that it has not diverted any water from its natural course, or caused it to flow upon the land of plaintiff in greater quantities than it hitherto was wont to do.

"5. That the defendant is informed and believes that Section 6 of the complaint is not true, and therefore denies the same.

"6. That the defendant denies Sections 7 and 8 of the complaint to be true.

"7. That defendant purchased of plaintiff the right of way over the land on which the ditches and drains complained of were constructed, and that said ditches and drains were necessary for the proper construction of

defendant's road-bed, and the same were properly and skillfully constructed; and if any damage resulted to plaintiff's land in consequence thereof it was the natural and necessary result of a proper and skillful construction of said road-bed, and plaintiff, in afterwards cultivating said lowlands, was guilty of contributory negligence.

" 8. That all of the causes of action set out in plaintiff's complaint accrued, if at all, more than three years before this action was commenced, and are barred by the Statute of Limitations.

Wherefore defendant demands judgment that it go without day, and recover of the plaintiff the costs of this action.

The issues and responses were as follows:

" 1. Is the plaintiff's cause of action barred by the Statute of Limitations?"   Answer, 'No.'

" 2. Were the defendant's road-bed and drains mentioned in complaint skillfully constructed, and the drains necessary and proper for the safety of said road-bed?   Answer, 'Yes.'

" 3. Was plaintiff guilty of contributory negligence in planting corn on his low grounds after the construction of said road-bed and drains?   Answer, 'Yes.'

" 4. Has defendant wrongfully caused the overflow of the plaintiff's land?   Answer, 'Yes.'

" 5. What damage is plaintiff entitled to recover, if any?   Answer, '$300.' "

There was evidence tending to show that the railroad runs east and west through the lands of the plaintiff. The road is north of the farm. Flat Pocosin is east of the *locus in quo*. Long-pond Pocosin is west of the *locus in quo*. Plaintiff's farm is between these two pocosins. The railroad crosses both pocosins, running east and west. Flat Pocosin naturally drains south. Its waters

would not drain over plaintiff's lands, because there is a ridge between plaintiff's land and Flat Pocosin. This ridge prevents the waters of Flat Pocosin draining on plaintiff's lands, and its waters would not touch plaintiff's lands but for the railroad ditches. Long-pond Pocosin naturally drains south, and its waters would not drain over plaintiff's lands because there is a ridge between Long-pond Pocosin and plaintiff's land. The ridge prevents the waters of Long-pond Pocosin draining on plaintiff's land, and its waters would not touch plaintiff's land but for the railroad ditches. The natural drain of Flat Pocosin is into Wartom Pocosin, and its waters empty into that pocosin more than a mile below plaintiff's farm and south of it. The natural drain of the waters of the Long-pond Pocosin is into Cashie Swamp. By reason of ditches cut along the line of the defendant's road-bed, the waters of Flat Pocosin are drained on plaintiff's land from the east by said ditches, and the waters of Long-pond Pocosin are drained on his land from the west by said ditches.

The plaintiff's lands are drained.

Before the cutting of the railroad ditches the land was in a good state of cultivation, yielding eight barrels of corn to the acre, and did not overflow. Since the ditches were cut and the overflow caused by them, the yield has been— some years one barrel to the acre and some years nothing, the whole crop being destroyed. Formerly only the waters of Wartom Pocosin drained over the land, but plaintiff cut a large canal in 1873 that carried off those waters. He never lost as much as a barrel of corn after the canal was cut until the overflowing complained of. Fifteen acres in cultivation, seven more cleared, which he abandoned after the overflowing commenced. Corn has averaged $3 per barrel since defendant cut ditches. The land is now "sobbed and soured" by reason of the overflows.

PARKER *v.* RAILROAD COMPANY.

Plaintiff's loss was an average of forty barrels of corn a year. The land was worth $25 per acre before the overflowing. It is worth nothing now. The defendant cut down two feet ten inches across the ridge between plaintiff and Flat Pocosin, and the same depth as to the ridge between the land and Long-pond Pocosin. The damage is done by reason of the draining of water on it that naturally flowed from it. The ditches cut along the road-bed of the defendant are necessary for the safety of the road-bed, and are skillfully cut. The plaintiff's land has suffered each year since 1888, when the road was built. This action was commenced October 19, 1894.

The water comes down quickly and stays long. Sometimes plaintiff cannot get from one part of his farm to the other. The plaintiff, before the cutting of the railroad ditches, deeded to the defendant a right of way across his land. The plaintiff does not own Long Pocosin nor Flat Swamp Pocosin, and neither touches his land.

It is admitted that before the drain-ditches were cut the plaintiff conveyed to the defendant a right of way across his farm.

The defendant, in writing, and in apt time, asked the following special prayers, to-wit:

1. " That, it being admitted that defendant purchased its right of way from the plaintiff along which the drains complained of are constructed, if the jury shall find that said drains were necessary for the safe and proper construction of its road-bed, and further that said drains were constructed in a skillful and proper manner, then any damage resulting from the construction of said drain must be borne by the plaintiff, and consequently he is not entitled to recover any damage therefor. This instruction was refused and defendant excepted.

" 2. That if the jury believe the testimony of the plaint-

iff, to the effect that the construction of said road-bed and drains had rendered said land totally unfit for cultivation, then the plaintiff must recover the damage done to said land in one action, which action accrued to plaintiff when the road-bed and drains were first constructed; and if the jury believe the evidence, it should find that plaintiff's cause of action is barred by the Statute of Limitations." This instruction was refused, and defendant excepted.

The court instructed the jury that plaintiff could not recover anything for damage to crops, but that plaintiff was entitled to recover the difference between the value of the land before the road was built and the value after the road was built, provided that the jury should further find that the railroad company wrongfully and negligently, by its side-ditches, drained and diverted from their natural courses the waters of Flat Pocosin and Long-pond Pocosin into Wartom Swamp, and by that means overflowed and damaged the *locus in quo*. To this instruction the defendant excepted.

The court instructed the jury that, if they believed the evidence, the plaintiff's cause of action was not barred by the Statute of Limitations. To this instruction the defendant excepted.

The jury rendered a verdict as above set out. The defendant moved for a *venire de novo*. Motion overruled, and defendant excepted.

Defendant then moved for a judgment upon the verdict. This motion was overruled, and defendant excepted.

*Mr. Francis D. Winston*, for plaintiff.

*Messrs. John L. Bridgers* and *Martin & Peebles*, for defendant (appellant).

AVERY, J. : There was no error in the ruling of the court-that the plaintiff's right of action was not barred

by the Statute of Limitations.   The plaintiff had no cause
of action if the defendant's ditches and drains were con-
structed skillfully and with a due regard for the right of
the owners of adjacent lands.   *Adams* v.  *Railroad*, 110
N. C., 325 ; *Ridley* v. *R. Co.*, 118 N. C., 996.   It could
only acquire the prescriptive right to pond water on the
plaintiff's land by subjecting itself to an action for the
injury continuously for twenty years.   *Emery* v. *R. Co.*,
102 N. C., 209, at p. 232 ; *Sherlock* v. *R. Co.*, 115 Ind., 22 ;
1 Wood, Lim., Sec. 182, p. 466.   Until by acquiescence in
such continuous occupation for twenty years the presump-
tion of a grant arises, an action will always lie for damage.
The plaintiff may elect to claim only the damage sustained
up to the trial of the action, and if the defendant fail to ask
in his answer for the assessment of prospective as well as
present damages, the bar of the statute will not prevent a
recovery for that sustained within three years prior to the
issuing of the summons.   *Sherrill* v.  *Connor*, 107 N. C.,
630 ; 1 Wood on Nuisance, Sec. 180.   If, however, the
plaintiff fail to declare for permanent damage, the defend-
ant at his option may demand that the assessment shall
extend to prospective injury, or by silence acquiesce
in the finding only of what may have accrued up to the
time of trial.   Ridley's case, *supra*.   The right of action
accrues in such cases when the first injury is sustained
(Ridley's case, p. 1010) and cannot be defeated by pleading
the statute, except by showing twenty years continuous
user.   *Emery* v. *Railroad, supra*.

It being manifest that the Statute of Limitations was in
no aspect of the testimony an available defense, the next
question that arises is whether the judge erred in his
instruction as to the measure of damages.   He told the
jury in substance that if the defendant in constructing its
road-bed had negligently diverted the waters of Flat

Pocosin and Long pond Pocosin from their natural outlets, and by that means had caused the overflow complained of, the plaintiff would be entitled, in any aspect of the evidence, to recover the difference between the value of the land " before the road was built and the value after the road was built." The plaintiff had complained that, " by reason of the negligent, wrongful, unlawful and careless cutting of said ditches and the negligent and unlawful diverting of the course of said water, the plaintiff's farm, by said repeated overflows, has been rendered sour and sobbed, and *its fertility destroyed and rendered unfit for agricultural purposes.*" It is a well-settled principle of pleading, under our *Code* system, that the right to a particular kind of relief depends not upon the specific demand for it in the prayer, but upon the facts alleged in the complaint or counter-claim and proved upon the trial. The allegation of facts that entitles a party to affirmative relief under our liberal system of pleading is equivalent to a formal demand for such relief or a general prayer that would have been embraced under the rules of practice in Courts of Equity. *Stokes* v. *Taylor,* 104 N. C., 394; *Harris* v. *Sneeden,* Ibid., 369; *Roberson* v. *Morgan,* 118 N. C., 991; *Holden* v. *Warren,* Ibid. 326. Under the rule laid down in these authorities it was not error to hold that the allegation that the fertility of plaintiff's land was destroyed, and that it was rendered wholly unfit for agricultural purposes, should be construed as a demand for permanent damages, and constituted notice to the defendant to meet the proof that might be offered to establish the truth of the claim. The defendant had requested the court to instruct the jury that, if the plaintiff had shown that the land was rendered unfit for cultivation, the plaintiff could recover only permanent damage, and that the right of

action accrued when the road was first constructed, and was therefore barred.

While the judge correctly held that the assessment should embrace past as well as prospective injury, he was in error when he told the jury that the plaintiff was entitled to recover for all of the diminution in the value of the land caused by the construction of the road, ignoring the fact that compensation had already been made in the purchase of the right of way for any damage that would result from draining the road-bed and cutting proper drains, provided ordinary care was exercised in doing the work. *Fleming v. Railroad Co.*, 115 N. C., 676. The true measure of permanant damage, as held in *Ridley v. Railroad*, 118 N. C., 996 at p. 1009, "was the difference in the value of plaintiff's land in its condition when the right of action accrued and what would have been its value had the road been skillfully constructed."

For the misdirection of the jury as to the measure of damages there must be a new trial.

But we deem it best to pass upon the only remaining assignment of error, since the same question will almost certainly be again raised in the court below. The authority to divert surface water from a drain through which it previously made its way to its natural outlet, with the proviso that it is carried in the side-ditches either directly to its natural outlet or to a natural outlet capable of receiving it, is included in the easement acquired by the unrestricted grant or condemnation of the right of way. *Fleming v. Railroad Co.*, *supra*, at pp. 693, 698; *Staton v. Railroad Co.*, 109 N. C., 337; Gould on Waters, Section 273. A railroad company enjoys, as to its right of way, the same privilege as any other landowner, and is subject to the same restrictions and qualifications in carrying off or diverting accumulations of surface water. *Jenkins v.*

*Railroad Co.*, 110 N. C., 438. It follows that there is no merit in the exception to that portion of the charge relating to the diversion of surface water by the negligent and unskillful cutting of side-ditches. If the lands of the plaintiff were overflowed and damaged by reason of such diversion of surface water from its natural outlet, without taking it to an adequate outlet, he was entitled to recover permanent damages under the rule already laid down.

New Trial.