W. A. NICHOLS v. THE NORFOLK AND CAROLINA RAILROAD COMPANY.

*Action for Damages—Permanent Injury to Land by Construction of Railroad—Pleading—Statute of Limitations.*

1. In an action against a railroad company for injury to plaintiff's land by the construction of defendant's roadbed, an allegation in the complaint that the fertility of plaintiff's land was almost wholly destroyed by such construction, and thereby rendered unfit for agricultural purposes, was notice to the defendant that the action was for permanent damages.

2. Before the act of 1895 (Ch. 224) a railroad could acquire the prescriptive right to pond water on adjacent lands only by subjecting itself to an action for the injury continuously for twenty years.

3. The Legislature may reduce or extend the time within which an action may be brought, subject to the restriction that when the limitation

is shortened "a reasonable time must be given for the commencement of an action before the statute works a bar."

4. Ch. 224, Acts of 1895, reducing the time for bringing actions against a railroad company for permanent injury to land, caused by the construction or repair of defendant's road, to five years, does not apply to a suit begun before its passage.

CIVIL ACTION, begun January 10, 1894, tried before *Robinson*, *J.*, and a jury, at Fall Term, 1896, of BERTIE Superior Court. The case had been formerly heard at Spring Term, 1896, b, Graham, Judge, and a jury, upon these issues:

1. Has the land of the plaintiff been damaged by the negligent and unskillful construction of the defendant's roadbed and ditches? Answer: Yes.

2. What amount of damages has the plaintiff suffered, if any? Answer: $500.

The court (Judge Graham) set aside the issue as to damages, and this issue alone was tried before Judge Robinson at this term.

The plaintiff introduced himself and other witnesses to show that his land has been permanently damaged, because of the negligent and unskillful construction of defendant's roadbed and ditches, to the amount claimed by him.

The plaintiff testified that the first damage suffered by him was in 1888 or 1389; that road and ditches were built in 1887, and he tended his land for three years thereafter, when he was compelled to abandon it because of said damages. This evidence was uncontradicted.

There was evidence on the part of the defendant tending to show that the damage was not so great as claimed by plaintiff.

The defendant, in apt time, requested the court to charge the jury as follows:

"The purpose of this action being to recover for permanent damages to the plaintiff's land, and it being found in

this case that the damages sustained have come to the plaintiff because of the defective construction of the defendant's railroad, and it appearing from plaintiff's evidence, uncontradicted, that the first injury complained of to this land occurred in 1888 or 1889, the plaintiff's claim is barred by the Statute of Limitations, and he cannot recover." This charge the court refused to give, and defendant excepted.

The court charged the jury, among other things, "the defendant could only acquire the prescriptive right to pond water on plaintiff's land by subjecting itself to an action for the injury continuously for twenty years; and as it is admitted the road was not built until 1887, the court holds, as a matter of law, that the action is not barred by the Statute of Limitations." To this charge the defendant excepted.

Thereupon the jury rendered a verdict upon the issue as to damages for plaintiff for $800, and from the refusal of a motion for a new trial, &c., the defendant appealed.

*Mr. Francis D. Winston*, for plaintiff.
*Messrs. John L. Bridgers* and *George Cowper*, for defendant (appellant).

CLARK, J.: The allegation in the complaint that the fertility of the plaintiff's land was almost wholly destroyed, and thereby rendered unfit for agricultural purposes, was notice to the defendant that the action was for permanent damages (*Parker* v. *Railroad*, 119 N. C., 677, and cases there cited), and the defendant's prayer for instruction was also based upon such being the nature of the action. The court, therefore, properly refused to charge, as prayed, and instructed the jury that the action would be barred only by the lapse of twenty years. This was held in *Parker* v. *Railroad, supra*, which action, like the present, was begun before the Act of 1895, Ch. 224, which reduces the limita-

tion for an action against the railroad company "for damages caused by the construction of said road or repairs thereto" to five years, and also requires that the jury "shall assess the entire amount which the party aggrieved is entitled to recover by reason of the trespass on his property." The evident meaning of this Act is that hereafter, in all actions against railroads for injuries from construction or repair of the road, the permanent damages must be assessed. It is settled beyond controversy that while the Legislature has the power to extend or reduce the time in which an action may be brought, this is subject to the restriction that when the limitation is shortened "a reasonable time must be given for the commencement of an action before the Statute works a bar." *Strickland* v. *Draughan*, 91 N. C., 103, and cases there cited; Cooly Const. Lim. 450 (8th Ed.) and cases there cited. This action, having been institued before the passage of the Act, is not affected by it.

No Error.