JOHN CULBRETH v. W. H. DOWNING.

*Action for Damages—Trespass—Statute Changing Remedy—*
*Limitation, Statute of—Reasonable Time in which to Bring*
*Action.*

1. The Legislature may change the remedy and the Statute of Limitations which applies to the remedy, by extending or shortening the time for beginning an action; provided, in the latter case, a reasonable time is given for the commencement of the action before the Statute works a bar. .

2. The "reasonable time" for beginning an action on a cause, the statutory limitation of which has been shortened by the Legislature, is held to be "the balance of the time unexpired according to the law as it stood when the amending act is passed, provided it shall never exceed the time allowed by the new statute."

CIVIL ACTION for damages for ponding water on land, tried before *Coble, J.,* at April Term, 1897, of CUMBERLAND Superior Court. On the trial his Honor intimated that the action was barred and plaintiff submitted to a non-suit and appealed.

*Messrs. J. C. & S. H. MacRae,* for (appellant).
*Mr. N. W. Ray,* for defendant.

FAIRCLOTH, C. J.: This action was instituted to recover damages for ponding water on plaintiff's land by reason of obstruction in a ditch running through defendant's land, which ditch had for a long time carried off such water. It was admitted that the obstructions were in the ditch in March, 1892. On March 8, 1895, the Legislature enacted Act 1895, Chapter 165, that *The Code,* Sec. 155(3) be amended by adding, "And when the trespass is a continuing one, such action shall be commenced within three years from the original trespass, and not thereafter." His Honor intimated that the action was barred and the plaintiff submitted to a non-suit and appealed.

For the purposes of this case the original trespass was in

March, 1892, and at the passage of said Act of 1895, Chapter 165, on March 8, 1895, three years from the trespass in March, 1892, had, within a few days, expired. Prior to the passage of said Act, in such cases, the lapse of 20 years was necessary to bar the action, when the presumption of a grant would arise. *Parker* v. *Railroad*, 119 N. C., 677.

The Legislature may change the remedy and the Statute of Limitations, which applies to the remedy, by extending or shortening the time, provided in the latter case a reasonable time is given for the commencement of an action before the Statute works a bar. *Nichols* v. *Railroad*, 120 N. C., 495; *Terry* v. *Anderson*, 95 U. S. Rep., 628.

This is the extent to which this Court has heretofore gone, and any more rigid rule would seem to be unconstitutional. This rule leaves open the question in each case, what is a *reasonable time*, and that is objectionable because it is attended with uncertainty in the minds of litigants and the profession.

We therefore hold that a reasonable time shall be the balance of the time unexpired according to the law as it stood when the amending Act is passed, provided it shall never exceed the time allowed by the new Statute. For example, if the action would have been barred in six years, and four years have elapsed before the amending Act, then two years more would be a reasonable time. If three years time would bar the action and the three years have elapsed, as in the present case, before the amending Act is passed, then three years thereafter would be the limit and no more, and this rule will apply to all other periods of limitation on actions.

This rule is reasonable and just, as neither party will be deprived of such remedy as he had when the cause of action arose, and neither should take any advantage by the amending Act. The plaintiff then can maintain this action, which commenced at April Term, 1896. Error.