C. E. BLEVINS AND WIFE, ETHEL BLEVINS, v. NORTHWEST CAROLINA
UTILITIES, INC.

(Filed 18 March, 1936.)

1. **Constitutional Law I b—Statute held unconstitutional for failure to
give reasonable time for institution of action before bar.**

Section 2 of ch. 433, Public-Local Laws of 1923, providing that no
action for compensation or damages for rights of way used by domestic
electric companies for transmission lines should be maintained against
such companies unless brought within six months after the passage of the
act when such transmission lines were in use for two years prior to the
enactment of the statute, *is held* unconstitutional and void for failure to
give a reasonable time, under the circumstances, for the institution of an
action before the bar of the statute takes effect, in contravention of the
Fourteenth Amendment of the Federal Constitution, the limitation in effect
prior to the statute being twenty years.

2. **Same—Law changing limitation of actions must allow reasonable time
within which action may be brought before bar takes effect.**

The Legislature may prescribe a limitation for the bringing of suits
where none previously existed, or shorten the time for bringing suits on
existing causes of action, provided a reasonable time is allowed by the
new law for the bringing of suits before the bar takes effect, and what is
a reasonable time must be determined by the facts and circumstances of
each particular case.

3. **Same—Statute held constitutional as providing reasonable time for
institution of action before limitation takes effect.**

Section 1 of ch. 433, Public-Local Laws of 1923, providing that C. S.,
440, applicable to railroad companies, should also apply to all electric com-
panies operating in certain counties of this State so that actions against
them for damages for use of land for transmission lines should be barred
unless commenced within five years after the accrual of the cause of
action, *is held* constitutional and valid as giving a reasonable time for
the institution of actions before the bar of the statute becomes effective.

4. **Limitation of Actions E c—Conflicting evidence on question of bar of
statute of limitations should be submitted to the jury.**

Where there is conflict in the evidence as to whether defendant's in-
creased use of its easement for a transmission line by the addition of new
wires and a substation on plaintiffs' land resulted in adding to the burden
of the easement theretofore acquired by defendant by adverse user, and
it appears that plaintiffs' action to recover the alleged additional damage
was instituted within the time allowed by the applicable statute of limi-
tations pleaded by defendant, the conflicting evidence on the question of
additional damage inflicted since the bar of the statute should be sub-
mitted to the jury, and an instruction directing that plaintiffs' action was
not barred is reversible error.

CLARKSON, J., concurring in part and dissenting in part.

APPEAL by defendant from *Phillips, J.,* at September Term, 1935, of MITCHELL. New trial.

Action for permanent damages to land caused by the erection and maintenance of structures for transmission of electric power. Defendant admitted occupancy of plaintiffs' land for the purpose of placing two of its poles carrying its lines, but alleged adverse user of the easement for fourteen years, and pleaded the statutes of limitation, specifically ch. 433, Public-Local Laws of 1923, in bar of plaintiffs' action.

There was evidence that at the time plaintiffs purchased the land in 1925 there were two poles with wires on each side of them in front of plaintiffs' lots on the highway, with one transformer, and that within less than two years before the commencement of this action (1934) defendant had removed its old poles and equipment and built a new line, with new transformers, and erected a substation on plaintiffs' land two hundred feet from plaintiffs' house, with power lines extending over plaintiffs' garden and pasture, and voltage increased from 2,100 to 6,600.

The defendant offered evidence tending to show that the line was originally constructed in 1920 substantially as it now stands, consisting of power line from Toecane to Bakersville, with three power wires and a telephone wire, and that it has been in continuous use since; that there are now five wires; that there were formerly two poles and a tower on plaintiffs' land; that the transformers were placed on it in 1931 or 1932, when the substation was erected; that the substation consisted of two forty-foot poles, five or six feet apart, with steel platform and a couple of transformers; that there were two poles originally, and two poles now; that the poles were moved four feet further into plaintiffs' land and away from the road and guy wires put up, guy wires extending 12 feet from the base of poles.

Plaintiffs offered evidence as to the difference in the market value of the property prior to and since the erection of the substation. Defendant offered evidence that the market value of the land was not affected by any change in the structures.

The judge below charged the jury that a public service corporation could acquire land by purchase, by condemnation, or "by going in and taking possession thereof and using same openly, notoriously, and adversely for the period of twenty years." He further charged the jury, if they found the facts to be as testified by the witnesses and as the evidence tended to show, to answer the issue as to the statute of limitations that plaintiffs' cause of action was not barred.

There was a verdict for plaintiffs on issues submitted, and from judgment thereon defendant appealed.

*M. L. Wilson and Charles Hutchins for plaintiffs.*
*Watson & Fouts, Walter Berry, and Miles & O'Brien for defendant.*

DEVIN, J.   The determinative question presented here is the application of the statutes of limitation.

The learned judge who tried the case below charged the jury that the only statute available to the defendant was the twenty-year statute, and that in the absence of title by grant or condemnation, it could only acquire the easement to impose the servitude complained of on the land of plaintiffs by twenty years adverse user.   And he further charged the jury, if they found the facts to be as shown by all the evidence, to answer the issue as to the statute of limitations against the defendant.

The defendant sets up in its answer and contends upon the evidence that plaintiffs' cause of action is barred by the provisions of ch. 433, Public-Local Laws of 1923.   This act is as follows:

"Sec. 1.   That section four hundred and forty (440) of the Consolidated Statutes of North Carolina shall apply and be in full force and effect, and shall regulate all suits, actions, or proceedings brought or maintained against corporations under the laws of the State of North Carolina, whose business is the generation and transmission of electric power as a public service corporation.

"Sec. 2.   That no action shall be brought against any electric company chartered under the laws of this State and which has maintained its transmission lines for a term of two years prior to the enactment of this statute, for damages or compensation for rights of way or use and occupancy of any land by the company for use of its transmission lines unless the action or proceeding is commenced within six months after the passage of this act: *Provided,* that this act shall apply only to the counties of Yancey, Mitchell, and Haywood."

This act was ratified 2 March, 1923.

The second section of C. S., 440, referred to in the above quoted act, is as follows:

"No suit, action, or proceeding shall be brought or maintained against a railroad company for damages caused by the construction of the road, or the repairs thereto, unless such suit, action, or proceeding is commenced within five years after the cause of action accrues, and the jury shall assess the entire amount of damages which the party aggrieved is entitled to recover by reason of the trespass on his property."

There was competent evidence of injury to plaintiffs' land by reason of the construction and maintenance of a substation and power lines, and that action therefor was brought within five years after their cause of action accrued.   But defendant contends that section 2 of the act of

1923 applies and that plaintiffs are thereby barred. The plaintiffs, on the other hand, argue that this section of the act attempts to impose an unreasonable burden on those whose property has been taken by public service corporations, and that it is unconstitutional and void.

An examination of the second section of the act referred to, in the light of the facts as shown by the record before us, leads us to the conclusion that plaintiffs' position on that point is correct.

This section purports to extend the benefit of the limitation to "any electric company chartered under the laws of this State," thus giving privileges to a North Carolina corporation not permitted to others. *Gulf, Col. R. Co. v. Ellis*, 165 U. S., 154. However, it does not appear that the defendant is a North Carolina corporation. But we think the attempt to prescribe a statute of limitations limiting a landowner to six months after the passage of the act as the only period within which he could bring an action for compensation for wrongful use and occupancy of his land is in violation of the Fourteenth Amendment to the Constitution of the United States.

Under this provision of the Federal Constitution it is well settled that the Legislature may prescribe a limitation for the bringing of suits where none previously existed, as well as shorten the time within which suit to enforce existing causes of action may be commenced, provided, in each case a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of suit before the bar takes effect. *Wheeler v. Jackson*, 137 U. S., 255; *Turner v. New York*, 168 U. S., 94; *Saranac Land Co. v. Comptroller*, 177 U. S., 318.

"Statutes of limitations affecting existing rights are not unconstitutional if a reasonable time is given for the commencement of an action before the bar takes effect." In such cases the question is whether under all the circumstances the time allowed by the statute is reasonable. What is a reasonable time in a particular case depends upon its particular facts. *Terry v. Anderson*, 95 U. S., 628; *Hozisek v. Brigham*, 49 A. L. R., 1260, and note; *Nichols v. R. R.*, 120 N. C., 495; *Culbreth v. Downing*, 121 N. C., 205.

In the present case, prior to the act of 1923, the only statute of limitation applicable was the twenty-year statute. That is, the plaintiffs had twenty years within which to bring their action for damages to their land caused by the structures erected by the defendant. And when the Legislature attempted to reduce that to six months and to prescribe that no action should be brought against an electric company for damages for occupancy of land unless the action should be commenced "within six months after the passage of this act," that act must be held to be unreasonable, violative of the rights guaranteed by the Constitution of the United States, and therefore void.

But the first section of the act (ch. 433, Public-Local Laws of 1923), which, in general terms, prescribes the same statute of limitations for public service corporations engaged in the business of generation and transmission of electric power as that which has prevailed since 1893 as to railroads, would not seem to be unreasonable under the rule set forth in the authorities cited, and is therefore within the legislative power and valid.   C. S., 440.

It follows, therefore, that the plaintiffs' right to bring their action for compensation for damages caused by the construction of defendant's power lines, or the repairs thereto, and the erection of the substation and structures complained of, is limited to the period of five years next after the cause of action accrued.

The evidence as shown by the record in the case before us is conflicting and would not warrant the peremptory instructions given by the court below on the question of the statute of limitations, and requires the awarding of a new trial.

This disposition of the case renders unnecessary the consideration of the other assignments of error.   Nor is it necessary to decide the other questions presented on the argument and by brief by plaintiffs and defendant, as there must be a

New trial.

CLARKSON, J., concurring in part and dissenting in part: I think that the main opinion is correct, provided the statute, ch. 433, Public-Local Laws 1923, is constitutional, but the proviso in section 2 is as follows: *"Provided,* that this act shall apply only to the counties of Yancey, Mitchell, and Haywood."   This is contrary to the Constitution of North Carolina, Art. I, sec. 7: "No man or set of men are entitled to exclusive or separate emoluments or privileges from the community but in consideration of public services."   *Simonton v. Lanier,* 71 N. C., 498; *S. v. Fowler,* 193 N. C., 290 (292); *Pott v. Ferguson,* 202 N. C., 446; *Hendrix v. R. R.,* 202 N. C., 579; *Edgerton v. Hood, Comr.,* 205 N. C., 816.

There is a general statute of this State giving telegraph, telephone, electric power or lighting companies a right to condemn land "upon making just compensation therefor."   N. C. Code, 1935 (Michie), sec. 1698.

The right of easement may be acquired by adverse and continuous user for the period of 20 years.   *Teeter v. Postal Tel. Co.,* 172 N. C., 783.   In the present case I think the court below correct in applying the twenty-year statute, and there is no error in the judgment of the court below.