WALTERIA M. SPAULDING v. R. J. REYNOLDS TOBACCO COMPANY, INC.

No. 8821SC642

(Filed 16 May 1989)

**Master and Servant § 7.5; Limitation of Actions § 3.2 — discrimination in employment alleged — period of limitation changed by statute — action barred**

Plaintiff's claim of discrimination filed under the Handicapped Persons Act right to employment statute was not timely where that statute was repealed and replaced by another which shortened the statute of limitations from three years to 180 days; plaintiff was entitled to a reasonable time after repeal of the old Act within which to file her action; the "reasonable time" could not exceed the limitations period allowed under the new law; though plaintiff had one year and five months of unexpired time under the old Act, she nevertheless had to file within 180 days so as not to exceed the limitations period of the new Act; and plaintiff's suit filed one year and five months after enactment of the new statute was barred.

Judge PHILLIPS dissenting.

APPEAL by plaintiff from Order of *Judge J. D. DeRamus* entered 28 January 1988 in FORSYTH County Superior Court. Heard in the Court of Appeals 12 January 1989.

*Badgett, Calaway, Phillips, Davis, Stephens & Peed, by Herman L. Stephens, for plaintiff appellant.*

*Womble Carlyle Sandridge & Rice, by W. Andrew Copenhaver, M. Ann Anderson and Richard L. Rainey, for defendant appellee.*

COZORT, Judge.

Plaintiff sued defendant alleging discrimination by her firing which she claims was due to her being handicapped by asthma. Plaintiff brought suit under the Handicapped Persons Act right to employment statute, formerly N.C. Gen. Stat. § 168-6 (1982), which was repealed in 1985. A new Handicapped Persons Protection Act, Session Laws 1985, c. 514, s. 1, effective 1 October 1985, codified as N.C. Gen. Stat. §§ 168A-1 through 168A-12, was enacted at the same time. Plaintiff was fired on 16 March 1984 and brought suit on 13 March 1987. Defendant's summary judgment motion

was granted. Plaintiff appeals. We affirm, holding that plaintiff's action is barred by the applicable statute of limitations.

Plaintiff was employed with defendant as a laboratory technician from 1981 until she was terminated on 16 March 1984. Plaintiff suffers from chronic asthma. Plaintiff's asthma is aggravated by exposure to cigarette smoke.

In 1984, plaintiff returned to work after a medical leave for an ankle injury. Shortly after her return, plaintiff's overall job performance was evaluated and plaintiff was placed on a five-week probation because of job performance problems. Plaintiff was examined in 1984 by Dr. L. W. Stringer, who recommended that she not work in a smoke-filled environment. Thereafter defendant reassigned plaintiff to a job which did not expose her to cigarette smoke. She was later assigned to a job which exposed her to cigarette smoke. Plaintiff claims that the smoke caused her to have breathing difficulties. Her requests for reassignment were denied, and problems with plaintiff's job performance continued. On 13 February 1984, plaintiff was given an unacceptable rating by her supervisors for the period of her probation. Plaintiff left work on 23 February 1984 because of asthmatic spasms. She returned to work on 5 March 1984 after being fully certified to return to work. Plaintiff again complained of being assigned to a job which exposed her to cigarette smoke. Her employment was terminated by defendant on 16 March 1984.

The dispositive issue in this case is whether plaintiff's claim was filed within a reasonable time after the former Handicapped Persons Act right to employment statute was repealed and the new Act was enacted, with the result being that the statute of limitations for such actions was shortened from three years to 180 days.

Plaintiff contends that the alleged discrimination occurred on 16 March 1984 when she was fired. The statute under which plaintiff filed her claim was repealed effective 1 October 1985. Session Laws 1985, c. 514, s. 1 (1985). The Act replacing the former Handicapped Persons Act (HPA) right to employment statute is entitled the Handicapped Persons Protection Act (HPPA). N.C. Gen. Stat. § 168A-1 (1987). The new Act provides for a statute of limitations of 180 days. N.C. Gen. Stat. § 168A-12 (1987). The old Act did not provide its own statute of limitations. Plaintiff contends, therefore, that the three-year statute of limitations in § 1-52(2)

applied because plaintiff was suing on a liability created by statute. N.C. Gen. Stat. § 1-52(2) (1983). Since she filed suit on 13 March 1987, within three years of the time her cause of action arose on 16 March 1984, plaintiff contends that her claim was not time barred even though the old Act under which she claims was repealed before the suit was filed.

We find plaintiff's claim was barred because she failed to file her claim within a reasonable time after the repeal of the old Act and the adoption of the new law. In *Culbreth v. Downing*, 121 N.C. 205, 28 S.E. 294 (1897), the Supreme Court considered the effect of the General Assembly reducing the statute of limitations for a particular action from twenty years to three years. The Court held:

> The Legislature may change the remedy and the statute of limitations, which applies to the remedy, by extending or shortening the time, *provided in the latter case a reasonable time is given for the commencement of an action before the statute works a bar. Nichols v. R.R.*, 120 N.C., 495; *Terry v. Anderson*, 95 U.S., 628.

> This is the extent to which this Court has heretofore gone, and any more rigid rule would seem to be unconstitutional. This rule leaves open the question in each case, What is a *reasonable time*? (emphasis in original) and that is objectionable, because it is attended with uncertainty in the minds of litigants and the profession.

> *We therefore hold that a reasonable time shall be the balance of the time unexpired, according to the law as it stood when the amending act is passed, provided it shall never exceed the time allowed by the new statute.* For example, if the action would have been barred in six years, and four years have elapsed before the amending act, then two years more would be a reasonable time. If three years' time would bar the action, and the three years have elapsed, as in the present case, before the amending act is passed, then three years thereafter would be the limit, and no more; *and this rule will apply to all other periods of limitation on actions.*

*Id.* at 205, 26 S.E. at 295 (emphasis added).

In the case below, the balance of time unexpired under the old statute of limitations when the new Act was passed was ap-

proximately one year five months. Under *Culbreth*, the reasonable time to allow plaintiff's suit would be one year five months from the date the new law became effective (1 October 1985), except that the unexpired time exceeds the 180-day statute of limitations allowed under the new law. *Culbreth* holds that the "reasonable time" cannot exceed the limitations period allowed under the new law. Therefore, plaintiff had 180 days after the new Act became effective in which to sue. The Act became effective 1 October 1985, and unless plaintiff's suit was filed before 1 March 1986, it was barred by the statute of limitations. Plaintiff's suit was filed 13 March 1987 and was, therefore, barred.

The trial court's order of summary judgment is

Affirmed.

Judge GREENE concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

I vote to vacate the order dismissing plaintiff's action. Her action under the authority of the former Act is materially different from actions authorized by the new Act, and in my opinion the diminished statute of limitations does not apply to it; and if it does the 180 days allowed her to sue after the statute became effective was not reasonable, "taking all the circumstances into consideration." *Blevins v. Northwest Carolina Utilities, Inc.*, 209 N.C. 683, 686, 184 S.E. 517, 519 (1936).