REUNION LAND COMPANY, D. PAULETTE KERR, AND SAMUEL W. CRAVER AND WIFE, SARAH RHODES CRAVER, PLAINTIFFS-APPELLANTS v. VILLAGE OF MARVIN, A NORTH CAROLINA MUNICIPAL CORPORATION, DEFENDANT-APPELLEE

No. COA97-749

(Filed 7 April 1998)

**Limitations, Repose, and Laches § 86 (NCI4th)— validity of zoning ordinance—limitations period shortened—time for filing claim**

Where the legislature shortened the statute of limitations for contesting the validity of a zoning ordinance from nine months to two months after plaintiffs' cause of action accrued, plaintiffs had a reasonable time after enactment of the zoning ordinance to file their claim, but such reasonable time could not exceed the two-month limitation period allowed under the new law so that the claim was required to be filed within two months after the statute of limitations was amended.

Appeal by plaintiff Reunion Land Company from order entered 13 May 1997 by Judge William H. Helms in Union County Superior Court. Heard in the Court of Appeals 18 February 1998.

*Burris, MacMillan, Pearce & Mayer, L.L.P., by Robert N. Burris, for plaintiffs-appellants.*

*Perry, Bundy, Plyler & Long, L.L.P., by H. Ligon Bundy, for defendant-appellee.*

WYNN, Judge.

In North Carolina, where the legislature shortens the statute of limitations for the filing of an action, a party with a claim at the time of the amendment has a reasonable time to file that claim, but such reasonable time cannot exceed the limitations period allowed under the new law. Because the plaintiffs in this case filed their claim beyond the time period allowed by the new statute of limitations, we must affirm the trial court's dismissal of their action.

The plaintiffs, a North Carolina Limited Partnership and residents of Union and Mecklenburg County, own real property lying within the boundaries of the Village of Marvin, a North Carolina municipal corporation incorporated in 1994.

On 7 February 1997, plaintiffs filed a zoning action alleging that prior to the Village of Marvin's incorporation, the land comprising it was subject to a Union County zoning ordinance. Plaintiffs alleged that "the intent of the incorporators at the time of the incorporation of the Village of Marvin was to maintain the same zoning requirements and provisions as those of Union County." The plaintiffs also alleged that after the incorporation, the Village of Marvin adopted a zoning ordinance which varied from the county's and "down zoned" their property. The complaint continued by alleging that on "information and belief" the Village of Marvin did not follow proper procedures in enacting the ordinance, and that the last change to the ordinance occurred in September 1996.

In response to the complaint, the Village of Marvin moved under Rule 12 (b)(6) to dismiss the complaint for failure to state a claim upon which relief could be granted. Following the trial court's dismissal of their complaint, the plaintiffs appealed to this Court.

"A statute of limitations can be the basis for dismissal on a Rule 12(b)(6) motion if the face of the complaint discloses that plaintiff's claim is so barred." *Long v. Fink*, 80 N.C. App. 482, 484, 342 S.E.2d 557, 559 (1986).

Currently, the General Statutes provide that actions contesting the validity of zoning ordinances must be brought within two months. N.C. Gen. Stat. § 1-54.1 (1996). However, when the plaintiffs' cause of action accrued in September of 1996 there was a nine month statute of limitations. *See* N.C. Gen. Stat. § 1-54.1 cmt. (1996). Effective 1 October 1996, the legislature amended the statute to the current two month period for filing an action. *Id.*

The effect of a legislative change of a statute of limitations was discussed in *Spaulding v. R. J. Reynolds Tobacco Co.* where we faced a situation similar to the one presently before us. 93 N.C. App. 770, 379 S.E.2d 49, *appeal dismissed in part*, 325 N.C. 229, 381 S.E.2d 786 (1989), *aff'd*, 326 N.C. 44, 387 S.E.2d 168 (1990) (per curiam). In *Spaulding*, the plaintiff, fired from her employment on 16 March 1984, brought suit on 13 March 1987 against her former employer alleging discrimination based on her handicap status. At the time of her firing, the relevant statute of limitations was three years. *See id.* at 771-72, 379 S.E.2d at 50. However, before she filed suit, the legislature changed the law, shortening that statute of limitations to 180 days. *Id.* Relying on our Supreme Court's decision in *Culbreth v. Downing*, 121 N.C. 205, 28 S.E. 294 (1897), we affirmed the trial court's decision to grant summary judgment for defendant, holding that:

> the balance of time unexpired under the old statute of limitations when the new Act was passed was approximately one year five months. Under *Culbreth*, the reasonable time to allow plaintiff's suit would be one year five months from the date the new law became effective (1 October 1985), except that the unexpired time exceeds the 180-day statute of limitations allowed under the new law. *Culbreth* holds that the "reasonable time" cannot exceed the limitations period allowed under the new law. Therefore, plaintiff had 180 days after the new Act became effective in which to sue. The Act became effective 1 October 1985, and unless plaintiff's suit was filed before 1 March 1986, it was barred by the statute of limitations.

*Id.* at 772-73, 379 S.E.2d at 51.

In this case, the plaintiffs' complaint alleged the last change to the ordinance to have been in September 1996. At that time, the statute of limitations was nine months, so the plaintiffs would have had until June 1997 to file. When the General Assembly shortened the statute of limitations to two months on 1 October 1996, plaintiffs had eight months remaining in which to file under the old law. Since that period of eight months was larger than the new period of two months, the plaintiffs had to file their action within two months of the enactment of the new legislation—no later than December 1996. As plaintiffs' complaint was not filed until February 1997, their action is barred by the statute of limitations. Accordingly, we affirm the trial court's dismissal of their action.

We find the remaining arguments presented in this appeal to be wholly without merit.

Affirmed.

Judges JOHN and McGEE concur.