Al-Hassan v. Pebble Creek Parc, L.L.C., 2020 NCBC 14.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
2019 CVS 10534

CLAUDIA AL-HASSAN, both
individually and derivatively on behalf
of PEBBLE CREEK PARC, L.L.C.,

        Plaintiff,

v.

SAM YOUSSEF SALLOUM, both
individually and as manager of
PEBBLE CREEK PARC, L.L.C; and
SINACORI BUILDERS, LLC,

        Defendants,

and

PEBBLE CREEK PARC, L.L.C.,

        Nominal Defendant.

**ORDER AND OPINION
ON SALLOUM'S PARTIAL
MOTION TO DISMISS**

1. This case arises out of a dispute over the pending sale of Pebble Creek Parc, L.L.C.'s ("Pebble Creek") sole asset—just over five acres of real property—to Sinacori Builders, LLC. Claudia Al-Hassan, a minority member of Pebble Creek, objects to the sale. She has brought a mix of individual and derivative claims against Pebble Creek's manager, Sam Salloum. The complaint also names Sinacori Builders as a defendant due to its interest in the sale contract.

2. Salloum has moved to dismiss some but not all claims under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. (*See* ECF No. 14.) For the following reasons, the Court **GRANTS** in part and **DENIES** in part the motion.

> *Springs Law Firm, PLLC, by Venus Y. Springs, for Plaintiff Claudia Al-Hassan.*

*Raynor Law Firm, PLLC, by Kenneth R. Raynor, for Defendant Sam Youssef Salloum.*

*No counsel appeared for Defendant Sinacori Builders, LLC.*

Conrad, Judge.

## I.
## BACKGROUND

3. The Court does not make findings of fact on a Rule 12(b)(6) motion to dismiss. The following factual summary is drawn from the allegations in the amended complaint. (*See* ECF No. 8 ["Am. Compl."].)

4. Pebble Creek, a North Carolina LLC, was formed in 2007 for a single purpose: to purchase and develop a small piece of real property. (*See* Am. Compl. ¶¶ 9, 10, 20.) From the outset, the members agreed that Pebble Creek would be dissolved by 2017. (*See* Am. Compl. ¶ 25.) Though 2017 and then 2018 came and went, the property was never developed, and Pebble Creek was never dissolved. (*See* Am. Compl. ¶¶ 21, 25.) In March 2019, Salloum signed a contract as Pebble Creek's manager to sell the undeveloped property to Sinacori Builders. (*See* Am. Compl. ¶ 31.)

5. Al-Hassan objected to the sale. (*See* Am. Compl. ¶ 32.) The price was well below what Pebble Creek had paid in 2007, and Salloum allegedly executed the sale contract without first obtaining approval from Pebble Creek's members, as required by its operating agreement. (*See* Am. Compl. ¶¶ 13, 29, 31.) Al-Hassan requested company records related to the sale but did not receive them. (*See* Am. Compl. ¶¶ 35–37.) And when Al-Hassan later made her own offer to purchase Pebble Creek's

property, Salloum allegedly rejected it without a formal vote and spread falsehoods about her to the other members. (*See* Am. Compl. ¶¶ 40, 43, 44.)

6.     Al-Hassan also blames Salloum and his family for Pebble Creek's failure to develop the property. Salloum's wife is credited with a capital contribution of $230,000 that Al-Hassan believes was required but never made. (*See* Am. Compl. ¶¶ 16, 23, 24.) The failure to make that initial contribution deprived Pebble Creek of the capital needed to develop the property. (*See* Am. Compl. ¶ 23.) It also calls into question Salloum's handling of company business, much of which depends on wielding his wife's membership interest—amounting to 30 percent—to obtain majority approval. (*See* Am. Compl. ¶ 24.)

7.     In May 2019, Al-Hassan filed this action against Salloum and Sinacori Builders to stop the pending sale and recover damages. She later amended the complaint to assert derivative claims on behalf of Pebble Creek. The amended complaint includes ten claims for relief against Salloum, seven of which are relevant here: breach of contract (individually and derivatively), breach of the covenant of good faith and fair dealing (derivatively), permanent injunction (individually and derivatively), judicial dissolution (individually and derivatively), accounting (derivatively), constructive trust (derivatively), and fraud (derivatively).

8.     Salloum moves to dismiss these seven claims, except the claim for judicial dissolution to the extent asserted individually. (*See* Salloum's Mot. to Dismiss, ECF No. 14.) The motion has been fully briefed, and on November 4, 2019, the Court held

a hearing at which Al-Hassan and Salloum were represented by counsel. The motion is ripe for determination.

## II.
## ANALYSIS

9. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of the complaint . . . ." *Concrete Servs. Corp. v. Inv'rs Grp., Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986). The motion should be granted only when "(1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the claim." *Corwin v. British Am. Tobacco PLC*, 371 N.C. 605, 615, 821 S.E.2d 729, 736–37 (2018) (citation and quotation marks omitted). The moving party may challenge the plaintiff's standing through a Rule 12(b)(6) motion. *See Energy Inv'rs Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 337, 525 S.E.2d 441, 445 (2000).

10. In deciding the motion, the Court must treat the well-pleaded allegations of the complaint as true and view the facts and permissible inferences "in the light most favorable to" the nonmoving party. *Ford v. Peaches Entm't Corp.*, 83 N.C. App. 155, 156, 349 S.E.2d 82, 83 (1986). "[T]he court is not required to accept as true any conclusions of law or unwarranted deductions of fact." *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 56, 554 S.E.2d 840, 844 (2001).

## A. Derivative Claims

11. Salloum seeks to dismiss all derivative claims in the amended complaint. He argues that Al-Hassan has not alleged compliance with the presuit demand requirement of N.C.G.S. § 57D-8-01(a)(2). (*See* Br. in Supp. 3–4, ECF No. 15.)

12. In some circumstances, a member of a limited liability company "may enforce a cause of action accruing to the company through a derivative action on the company's behalf." *Epic Chophouse, LLC v. Morasso*, 2019 NCBC LEXIS 55, at \*7 (N.C. Super. Ct. Sept. 3, 2019). Before doing so, the member must make "written demand on the LLC to take suitable action . . . ." N.C.G.S. § 57D-8-01(a)(2). This is because the LLC is the real party in interest. The demand requirement gives the LLC a chance to investigate the claim and, if it chooses, to vindicate its own rights before freeing its members to seek relief on its behalf. Thus, the requirement is jurisdictional. Without a proper demand, the plaintiff has no standing to pursue derivative claims, and the trial court has no subject matter jurisdiction to hear and decide them. *See, e.g.*, *Zoutewelle v. Mathis*, 2018 NCBC LEXIS 95, at \*18 (N.C. Super. Ct. Sept. 13, 2018); *Petty v. Morris*, 2014 NCBC LEXIS 67, at \*4 (N.C. Super. Ct. Dec. 16, 2014).

13. Here, Al-Hassan alleges that she "made written demands to Pebble Creek on April 17, 2019, May 8, 2019, and May 27, 2019." (Am. Compl. ¶ 33.) What these demands said is almost entirely unknown. They are not attached as exhibits, and apart from a reference to a request for inspection of books and records, the amended complaint does not describe the demands, indicate what action Al-Hassan asked

Pebble Creek to take, or tie the demands to any specific claims. (*See* Am. Compl. ¶¶ 34, 80.)

14. At best, the request for books and records may show that Al-Hassan gave notice of her intent to exercise her inspection rights under N.C.G.S. § 57D-3-04(d). That is a request designed to vindicate *Al-Hassan's* rights, not *Pebble Creek's*. The company's refusal might allow Al-Hassan to bring an individual claim against the company to compel the inspection and copying of records. *See Plasman v. Decca Furniture (USA), Inc.*, 2016 NCBC LEXIS 80, at *62 (N.C. Super. Ct. Oct. 21, 2016). It is not the type of presuit demand that would confer standing on Al-Hassan to bring derivative claims on behalf of Pebble Creek.

15. All that remains is a bare allegation that Al-Hassan made undefined written demands. This is facially insufficient. Al-Hassan argues that no law requires her to attach the demands as exhibits and that Rule 8 requires only that the complaint include a short and plain statement of the claims. (*See* Opp'n 7, ECF No. 36.) But the Rules of Civil Procedure also require that "[a]ny party suing in any representative capacity shall make an affirmative averment showing [her] capacity and authority to sue." N.C. R. Civ. P. 9(a). For purposes of derivative suits, this means the complaint must include, among other things, an affirmative averment that the plaintiff made a demand on the LLC "to take *suitable action*." N.C.G.S. § 57D-8-01(a)(2) (emphasis added). Al-Hassan does not allege that she demanded any action by Pebble Creek aside from her request to inspect company records. Her conclusory reference to "written demands" without more does not satisfy section 57D-8-01(a)(2) and Rule

9(a). *See Zagaroli v. Neil*, 2017 NCBC LEXIS 103, at \*29–30 (N.C. Super. Ct. Nov. 7, 2017).

16. Taking the allegations of the amended complaint as true, Al-Hassan has not alleged that she made a demand on Pebble Creek to take suitable action and therefore has not adequately alleged her standing to bring derivative claims. The Court grants the motion to dismiss Al-Hassan's derivative claims for breach of contract, breach of the covenant of good faith and fair dealing, permanent injunction, judicial dissolution, accounting, constructive trust, and fraud.\* These claims are dismissed without prejudice for lack of subject matter jurisdiction.

## B. Breach of Contract

17. Among Al-Hassan's individual claims for relief is her claim for breach of contract. (*See* Am. Compl. ¶¶ 57–60.) Salloum argues that this claim is barred by the statute of limitations because it is based on his wife's alleged failure to make a capital contribution in 2007. (*See* Br. in Supp. 7–9.)

18. The Court disagrees. "A statute of limitations can be the basis for dismissal on a Rule 12(b)(6) motion if the face of the complaint discloses that plaintiff's claim is so barred." *Reunion Land Co. v. Village of Marvin*, 129 N.C. App. 249, 250, 497 S.E.2d 446, 447 (1998) (citation and quotation marks omitted). Al-Hassan clarified that her claim is predicated on two alleged breaches of Pebble Creek's operating agreement: first, Salloum's failure to dissolve Pebble Creek in 2017; and second, his failure to

---

\* The Court does not consider or decide whether these claims should have been brought individually in Al-Hassan's own right, rather than derivatively on Pebble Creek's behalf. She has chosen to assert the claims derivatively, and taking them as pleaded, the Court concludes only that they must be dismissed for failure to satisfy the demand requirement.

obtain majority approval before executing the contract with Sinacori Builders in March 2019. (*See* Opp'n 10.) This action, filed in 2019, falls well within the three-year statute of limitations. *See* N.C.G.S. § 1-52(1). Thus, the Court denies the motion to dismiss Al-Hassan's individual claim for breach of contract.

## C. Permanent Injunction

19. Al-Hassan has also asserted an individual claim for permanent injunction, which Salloum seeks to dismiss. (*See* Am. Compl. ¶¶ 65–68; Br. in Supp. 4–6.) Of course, "injunctions are remedies, not independent causes of action." *Brewster v. Powell Bail Bonding, Inc.*, 2018 NCBC LEXIS 76, at *18 (N.C. Super. Ct. July 26, 2018). For clarity, the Court dismisses the purported standalone cause of action for a permanent injunction. That said, Al-Hassan may be able to seek an injunction as a remedy if she prevails on one or more claims, and it would be premature to decide whether she may do so now. Thus, the dismissal is without prejudice to Al-Hassan's ability to pursue injunctive relief as a remedy at the appropriate time. *See id.*; *Lendingtree, LLC v. Intercontinental Capital Grp., Inc.*, 2017 NCBC LEXIS 54, at *17 (N.C. Super. Ct. June 23, 2017).

## III.
## CONCLUSION

20. For these reasons, the Court **ORDERS** as follows:

a. The Court **GRANTS** the motion to dismiss Al-Hassan's derivative claims for breach of contract, breach of the covenant of good faith and fair dealing, permanent injunction, judicial dissolution, accounting,

constructive trust, and fraud. These claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

b. The Court **DENIES** the motion to dismiss Al-Hassan's individual claim for breach of contract.

c. The Court **GRANTS** the motion to dismiss Al-Hassan's claim for permanent injunction. The Court's ruling is without prejudice to Al-Hassan's ability to seek a permanent injunction as a remedy at a later stage.

21. The Court **ORDERS** the parties to confer and submit a revised case management report within fourteen days of this Order and Opinion.

**SO ORDERED**, this the 20th day of February, 2020.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
for Complex Business Cases